UNITED STATES COURT OF APPEALS
**Filed 12/20/96**
FOR THE TENTH CIRCUIT

JOHNNY JONES,

       Plaintiff-Appellant,

v.

LARRY A. FIELDS, DAN
REYNOLDS, KEN KLINGER,
FRANK MORGAN, JOHN EAST,
EDDIE MORGAN,

       Defendants-Appellees.

No. 95-6354
(D.C. No. CIV-94-1614-T)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his Fourteenth Amendment liberty interests by placing him in administrative segregation. The district court granted defendants' motion for summary judgment. We affirm.

Plaintiff escaped from custody in December 1992 and was apprehended the following day. He was convicted of escape from a penal institution. Also, he received a prison misconduct charge for the escape, which apparently was expunged. After a hearing held in April 1994, the administrative segregation review board recommended that plaintiff be reclassified and placed in administrative segregation primarily based on his escape history and threatening behavior. The warden approved the recommendation.

Thereafter, plaintiff commenced this action alleging that he was entitled to due process before his reclassification to administrative segregation because prison regulations created a liberty interest protected by the Due Process Clause. He also maintained that his liberty interest was violated from the time he was apprehended from his escape until the hearing was held. He apparently equated his placement in high security with administrative segregation. The magistrate judge recommended that summary judgment be granted in favor of defendants,

because plaintiff did not have a liberty interest in remaining in the general prison population and the mandatory regulations merely gave plaintiff the right to a hearing which he received and did not create a liberty interest. Also, the magistrate judge determined that even if plaintiff were entitled to a hearing, he received a proper hearing, in compliance with the requirements of Wolff v. McDonnell, 418 U.S. 539 (1974). After de novo review, the district court adopted the magistrate judge's recommendation and granted defendants' motion for summary judgment.

> We review the grant . . . of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Summary judgment is appropriate if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.

Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996)(quotation omitted). Because plaintiff is proceeding pro se, we must construe his pleadings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

On appeal, plaintiff argues that there is an issue of fact whether defendants violated his liberty interest by placing him in administrative segregation without due process. He claims the conditions of administrative segregation are atypical to general conditions of confinement, he was subjected to administrative segregation for fifteen months without due process, and prison regulations require

a hearing prior to placement in administrative segregation. We agree with the district court's conclusion that plaintiff failed to establish a liberty interest.

A recent Supreme Court case provides further support for the court's decision. In <u>Sandin v. Conner</u>, 115 S. Ct. 2293, 2300 (1995),[1] the Court held that prison regulations do not create liberty interests unless they protect prisoners from restraints imposing "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Such was not the case here. See <u>Talley v. Hesse</u>, 91 F.3d 1411, 1413 (10th Cir. 1996)("[P]lacement in administrative segregation such as occurred here does not give rise to a liberty interest."); <u>see also</u> <u>Orellana v. Kyle</u>, 65 F.3d 29, 32 n.2 (5th Cir. 1995)(unlikely administrative segregation can give rise to constitutional claim after <u>Sandin</u>), <u>cert. denied</u>, 116 S. Ct. 736 (1996). Administrative segregation due to legitimate concerns about plaintiff's escape history and prison security did not impose an atypical and significant hardship on plaintiff in relation to the ordinary incidents of prison life. See <u>Penrod v. Zavaras</u>, 94 F.3d 1399, 1407 (10th Cir. 1996).

---

[1]    <u>Sandin</u> is applied retroactively. <u>Talley v. Hesse</u>, 91 F.3d 1411, 1413 (10th Cir. 1996).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


Arthur L. Alarcon
Circuit Judge