Ken W. Strobel, Legal Counsel Unified School District No. 443 Bank IV Building, P.O. Box 39 Dodge City, Kansas 67801-0039
Dear Mr. Strobel:
As legal counsel for Unified School District No. 443, you request our opinion regarding interpretation of the provisions of the School District Finance and Quality Performance Act, K.S.A. 72-6401 et seq. Specifically, you ask whether the term "at-risk pupils" as defined in K.S.A. 1996 Supp. 72-6407 includes kindergarten pupils who, based on family income, would qualify for free or reduced-price lunches under the National School Lunch Act but who do not participate in the school lunch program of the unified school district due to the scheduling of the school day for such pupils.
The School District Finance and Quality Performance Act represents a major policy shift in how public school education is viewed and funded. U.S.D. No. 229 v.State, 256 Kan. 232, 236 (1994). Under the act, each school district receives state financial aid equal to an amount determined by a formula of the legislatively-designated base state aid per pupil multiplied by the school district's adjusted or weighted enrollment. The adjusted or weighted enrollment is based on the school district's full time enrollment adjusted by weighting factors which account for specified student populations to whom higher costs are associated: bilingual education students, vocational education students, at-risk students, students in low enrollment districts, students in new facilities, and students who are transported. Id. at 244.
As defined in the act, "at-risk pupils" are those "pupils who are eligible for free meals under the national school lunch act and for whom a district maintains an approved at-risk pupil assistance plan." K.S.A. 1996 Supp. 72-6407 (emphasis added). Pupils who qualify for free meals under the National School Lunch Act are those pupils whose family income falls within income guidelines adopted by the United States Secretary of Agriculture and which are announced by the State and local educational entities. See 42 U.S.C.A. § 1758.
The Kansas State Department of Education has viewed the definition of "at-risk pupils" as including only those pupils who have an opportunity to participate in a school lunch program. The Department does not require that pupils actually participate in the school lunch program to meet the statutory definition of "at-risk pupils," i.e., pupils whose family income falls within the income guidelines established under the National School Lunch Program and who are offered the opportunity to participate in a school lunch program, but who choose instead to bring their own lunches or make other arrangements for lunch, are considered to meet the statutory definition of "at-risk pupils." However, the Department does not view as "at-risk pupils" for purposes of the School District Finance and Quality Performance Act kindergarten pupils whose family income falls within the income guidelines established under the National School Lunch Program but who do not have the opportunity to participate in a school lunch program because their school day does not include the time during which school lunches are served. See Audit Guide #1, Kansas State Department of Education (Fiscal Year Ending June 30, 1997).
The cardinal rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. Degollado v. Gallegos, 260 Kan. 169, 172
(1996). It is elementary that if the meaning of the statute is plain, the sole function of the court is to enforce it according to its terms. Where a statute may be of doubtful meaning and is susceptible to two constructions, the court may look at the legislative history of the statute to assist in determining the meaning of the statute. If the legislative history does not assist the court as to which of the two constructions is correct, the court must select the reasonable construction so as to avoid unreasonable or absurd results. Tompkins v. Bise, 259 Kan. 39, syl. ¶ 3 (1996).
While deference is given to the interpretation of a statute by the administrative agency responsible for enforcing the statute, Hundley v. McKune,23 Kan. App. 2d 187, syl. ¶ 1 (1996), we believe the interpretation provided by the Department of Education does not comply with the plain language of the statute or the legislative intent for enacting the provision. The purpose for adjusting a school district's enrollment in determining state financial aid by the number of at-risk pupils is to account for higher costs associated with at-risk pupils. Additional costs associated with at-risk pupils are not limited to costs incurred by serving school lunches to such pupils. Therefore, the term "at-risk pupils" as used in the School District Finance and Quality Performance Act includes kindergarten pupils whose family income falls within the income guidelines qualifying the pupils for free lunches under the National School Lunch Program and for whom the unified school district maintains an approved at-risk pupil assistance program. It is not required that the kindergarten pupils be afforded the opportunity to participate in a school lunch program in order to be included within the term "at-risk pupils."
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm