F I L E D
United States Court of Appeals
Tenth Circuit

APR 15 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLEDITH BOHANON,

      Plaintiff-Appellant,

v.

MICHAEL A. NELSON, Warden, El
Dorado Correctional Facility, and
CHARLES SIMMONS, Secretary of
Corrections,

      Defendants-Appellees.

No. 97-3285

(D.C. No. CV-95-3439-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

      Plaintiff, a prisoner confined at the El Dorado Correctional Facility in El Dorado,

Kansas, brought this action under 42 U.S.C. § 1983 alleging that Defendants violated his

constitutional rights. The district court granted summary judgment to Defendants. Our

---

      [*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

      [**]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this case.
See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted
without oral argument.

jurisdiction arises under 28 U.S.C. § 1291.

We review a district court's grant of summary judgment de novo, applying the same legal standard as the district court. Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). In doing so, we examine the factual record and reasonable inferences drawn from it in the light most favorable to the non-moving party. Id. Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Applying this standard, we affirm the decision of the district court.

On May 5, 1995, Plaintiff was placed in administrative segregation as an "other security risk" pursuant to Kansas Regulation 44-14-302(g), after prison officials received reports from two inmates that Plaintiff had been pressuring them for sexual favors. The segregation report noted that Plaintiff had received two disciplinary reports in the preceding two weeks for noise and disrespect. The segregation report also contained an incorrect statement that Plaintiff had previously been placed in administrative segregation as a sexual predator, when in fact he had been placed there for illegal gambling. On May 9, 1995, the administrative segregation review board reviewed Plaintiff's status as required by Kansas law and determined that Plaintiff should remain in administrative segregation. Plaintiff appealed this decision to the warden, who denied the appeal on May 24, 1995. Plaintiff remained in administrative segregation until September 26, 1995. In his complaint, Defendant seeks monetary damages and injunctive relief.

Plaintiff argues that his erroneous classification as a "sexual predator" and his resulting placement in administrative segregation violated his due process rights under the Fourteenth Amendment. He also argues that the sexual predator classification unconstitutionally impaired his parole status. We disagree.

States may create liberty interests which are protected by the due process clause of the Fourteenth Amendment. Sandin v. Conner, 515 U.S. 472, 484 (1995). However, these interests are limited to restraints on a prisoner that impose an "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. If a state has created a protected liberty interest, then a prisoner must be afforded due process before prison authorities may deprive him of it. Wolff v. McDonnell, 418 U.S. 539 (1974).

In the present case, Plaintiff's procedural due process claims fail because no constitutionally protected liberty interests were implicated. First, Kansas law does not create a liberty interest regarding a prison inmate's security classification. Lile v. Simmons, et al., 929 P.2d 171, 173 (Kan.App. 1996). Therefore, Plaintiff has no constitutionally protected interest regarding his security classification as a "sexual predator." Second, under Kansas law, Plaintiff does not have a constitutionally protected liberty interest in his parole status. Hundley v. McKune, 929 P.2d 1382, 1386 (Kan.App. 1996). Finally, Plaintiff's claim that his placement in administrative segregation violated the due process clause of the Fourteenth Amendment, fails as well. Placement in

administrative segregation for several months because of legitimate concerns about Plaintiff's security risk did not impose "an atypical and significant hardship" on Plaintiff. See Talley v. Hesse, 91 F.3d 1411, 1413 (10th Cir. 1996); Jones v. Fields, 1996 WL 731240 at *2 (10th Cir. 1996) (unpublished) (holding that placement in administrative segregation for fifteen months was not an "atypical and significant hardship"). Therefore, Plaintiff failed to establish that he had a protected liberty interest with respect to his placement in administrative segregation.[1]

Accordingly, the judgment of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[1] On June 15, 1995, Plaintiff filed a petition for habeas corpus relief in Kansas state court pursuant to K.S.A. 60-1503. On September 26, 1995, a state district court judge granted the petition, concluding that the violations in the segregation report were not serious enough to warrant further confinement in administrative segregation. Plaintiff appears to assume that because the state habeas petition was granted, he is automatically entitled to relief under 42 U.S.C. § 1983. We disagree. In order to prevail, Plaintiff must show that his federal rights were violated, and he has failed to do so.