The Honorable Clyde D. Graeber State Treasurer Landon State Office Building, Room 201N Topeka, Kansas 66612
Dear Mr. Graeber:
You request our opinion regarding whether the Pooled Money Investment Board (PMIB) or the Secretary of the Department of Transportation (Secretary, KDOT) has the statutory responsibility and fiduciary duty for investing the State Freeway Fund, the State Freeway Construction Fund, the State Highway Fund, the Highway Bond Proceeds Fund and the Highway Bond Debt Service Fund. You also ask whether these funds should be invested as part of the Pooled Money Investment Portfolio and, if so, whether K.S.A. 75-4234(a), as amended by L. 1998, Ch. 161, § 5, requires the statutory administrative fee to be applied to the earnings on such funds.
I. Background
The PMIB was established on January 13, 1975, assuming the powers, duties and functions of the Board of Treasury Examiners, which was concurrently abolished.[1] The State Treasurer became chairperson of the PMIB; two other members were appointed by the Governor.[2] When this office reviewed PMIB's powers, it was concluded that the PMIB acquired sole and exclusive power to designate state depositories and invest state moneys through the 1975 legislation.[3]
Based on the recommendation of a 1974 legislative interim study, authority for investing state moneys was transferred out of various state agencies "some of which [had] little experience in making and handling investments of various types," and was centralized in the PMIB.[4] One agency to have its investment powers so transferred was the State Highway Commission[5] (now KDOT). The Commission retained the responsibility for the "management" of the State Freeway Fund and the State Freeway Construction Fund, but the PMIB was granted authority to "invest and reinvest moneys in the funds and to acquire, retain, manage . . . and dispose of investments of the fund."[6] The 1975 amendments also wrested from the Commission and vested in the PMIB the authority to "formulate policies for the investment" of Freeway Fund moneys and the authority to review and change such policies.[7] Likewise, the PMIB was given discretion to contract with financial advisors,[8] negotiate with qualified trust companies,[9] arrange for custody of moneys and securities with federal reserve institutions,[10] establish reporting requirements[11] and provide for an annual examination[12] pursuant to the PMIB's Freeway Fund investment powers.
In 1989, the Kansas Legislature established the Comprehensive Highway Program, "[i]n order to provide for the construction and reconstruction of a modern and efficient system of highways within the state."[13] The program was funded with a motor fuel tax increase, a vehicle registration fee increase, a quarter cent sales and compensating use tax increase and an increased allocation of the general fund sales tax revenue.[14]
Then-President of the Kansas Development Finance Authority, Allen Bell, urged the 1989 Legislature to allow the sale of highway revenue bonds to "increase highway fund balances,"[15] and the final legislation authorized the Secretary of KDOT to issue bonds in the total principal amount of $890,000,000.[16] The first series of highway bonds were issued in 1992 in the amount of $250,000 and, as of June 30, 1997, indebtedness on highway bonds totaled $875,410,000, to be retired by fiscal year 2015.[17] All bonds were issued under the terms of the 1992 Resolution of the Secretary of KDOT, adopted March 31, 1992, and eight Supplemental Resolutions.
Until 1996, all three relevant KDOT investment statutes authorized the PMIB, after consultation with the Secretary, to "invest and reinvest" moneys in such funds. In 1996 the Legislature created the position of Director of Investments of the PMIB, an unclassified position which, among other duties, would invest and reinvest state moneys "in accordance with investment policies provided by law, by rules and regulations and published policies of the board."[18] Prior to the 1996 amendments, PMIB's investment authority read, "state moneys shall be managed by the pooled money investment board in accordance with policies provided by law, by rules and regulations of such board."[19] After May 23, 1996, with one exception (not relevant here), all monies in the state treasury would be "invested as a single portfolio which is hereby designated the pooled money investment portfolio (portfolio). . . . The director of investments shall calculate on a daily basis and shall deduct from earnings an administrative fee which shall be set by the board and applied as a fixed percentage of moneys in the [portfolio]" and which is designated an "administrative fee."[20]
An early draft of the PMIB legislation disclosed that the Highway Fund, the Kansas Public Employees Retirement (KPERS) Fund and bond funds were originally exempted from the portfolio. These exceptions were subsequently deleted on February 22, 1996, by the Committee on Financial Institutions and Insurance. Nevertheless, legislative minutes for 1996 Senate Bill No. 476 (S.B. 476) made repeated references to the portfolio as being comprised of "idle funds," and as excluding KPERS funds, KDOT highway funds and other "special funds."[21] State "idle funds" are surplus moneys for which specific investment authority is not otherwise provided by statute.[22] Conversely, "special funds," including the State Highway Fund, are governed by statutes which prescribe the manner in which these funds are to be invested.[23]
II. Relevant KDOT Statutes
The Comprehensive Highway Program is financed by the interaction of three funds: the State Highway Fund, the Highway Bond Proceeds Fund and the Highway Bond Debt Service Fund.
All highway program expenditures are made out of the State Highway Fund. The Fund's revenues are held in an express trust by the State Treasurer, and its interest earnings become income of the Fund.[24] The statute creating the Highway Fund is K.S.A. 68-2324, titled "Secretary of transportation to have management of state highway fund and investment of such fund," states:
 "Subject to appropriations acts, the secretary shall have responsibility for the management of the state highway fund and shall provide, by resolution, for amounts and duration of investment and reinvestment of moneys in such fund. The resolution may recommend investment and reporting policies, including acceptable levels of return, risk and security. After consultation with the secretary, the director of investments shall have the authority to invest and reinvest moneys in such fund and to acquire, retain, manage . . . and dispose of investments of such fund."[25]
The remainder of the statute requires the "prudent person" standard to be used in investing and reinvesting moneys in such Fund. (When the prudent person standard was briefly discussed by this office, the Restatement of Trusts was cited to determine whether an investment meets the standard.)[26]
The Highway Bond Proceeds Fund receives deposits from the sale of highway revenue bonds.[27] Bond proceeds reimburse the State Highway Fund approximately bi-monthly through operating transfers.[28] Bond proceeds, by statute, are deemed to be trust funds.[29] The investment language for the Highway Bond Proceeds Fund is similar to the investment powers and duties recited in the Highway Fund statute; however, the Secretary is granted management and control of the Bond Proceeds Fund and the investments are made "subject to the terms, covenants and conditions provided in the resolutions providing for the issuance of such bonds."[30]
Correspondingly, the PMIB statute which governs bond surplus proceeds reserves management responsibility for their investment to the Director of Investments unless "the applicable bond statute . . . or resolution requires a different management responsibility, in which case the person or agency so specified . . . shall invest surplus proceeds."[31]
The third KDOT fund is the Highway Bond Debt Service Fund from which all obligations on revenue bonds must be paid.[32] The Debt Service Fund receives its deposits from the Highway Fund.[33] In fact, the 1992 Resolution requires that the Secretary direct the State Treasurer to transfer the "first moneys" in the Highway Fund to the Bond Debt Service Fund in an amount at least sufficient to make appropriate deposits into five subaccounts within the Debt Service Fund.[34] Remaining revenues may then be used by the Highway Fund.[35] The transfers to be made for bond purposes are a "first lien and claim" on the Highway Fund.[36]
The moneys in the Debt Service Fund are invested in the same manner as prescribed in the Highway Bond Proceeds Fund.[37]
The State Freeway Fund and the State Freeway Construction Fund have been abolished by operation of K.S.A. 68-2328. According to information provided to us by KDOT investment officials, all freeway bonds have been paid or defeased and any remaining Freeway Fund moneys have been transferred to the Highway Fund, so, by statute, any further reference to the State Freeway Fund now means the State Highway Fund.[38]
III. The KDOT Resolutions
The Bond Proceeds Fund statute and, by reference, the Bond Debt Service Fund statute, make all fund investments subject to the terms of the bond Resolution, which was adopted March 31, 1992, and has been amended by eight Supplemental Resolutions. The Secretary is directed by the bond Resolution to administer funds in accordance with Section 4.05, which states it applies to all funds and accounts designated in Article IV of the Resolution. The language in Article IV appears to `designate' all three highway funds (i.e. State Highway Fund, Bond Proceeds Fund and Highway Bond Debt Service Fund).
Section 4.05(d)(i) of the bond Resolution directs that any moneys in accounts or funds authorized in the bond Resolution or Supplemental Resolutions "shall be invested by the PMIB in Investment Securities, at the oral or written request of the Secretary. Subject to [certain provisions not relevant here] the PMIB shall follow the directions of theSecretary with respect to the type, amount and maturity of thoseinvestments" and how or whether they should be disposed.[39]
"Investment Securities" are designated as securities "legal for investment of the Secretary's funds."[40] The PMIB is expressly "not responsible" for any of the investments credited to the Sinking Fund, funds, accounts or subaccounts authorized in the bond Resolution or Supplemental Resolutions.[41] The Secretary is responsible for compliance with all applicable federal tax and arbitrage laws relating to surplus bond proceeds.[42]
Each of the three KDOT investment statutes refers to the Secretary's Resolution, which must specify amounts and duration of investments and which may set out further investment policies. The most recent such resolution adopted by the Secretary is the Kansas Department of Transportation Comprehensive Highway Program Resolution Number 95-1, adopted January 6, 1995 (the 1995 Resolution). The 1995 Resolution adopts by reference the "Statement of Investment and Reporting Policy," dated January 6, 1995 (KDOT Policy). The Policy states that the Highway Fund shall be managed to maximize return on investments, within certain parameters and consistent with KDOT's performance benchmarks.[43] The Policy also refers to PMIB's responsibility for "investment transactions" and the responsibility of KDOT investment officials to make "impartial investment decisions."[44]
Under the Policy section titled "Investments," however, the Policy distinguishes between the Highway Fund and the Bond Debt Service and Bond Proceeds Funds. The Policy's terms reveal that the section in the bond Resolution which sets out permissible investments only applies to the latter two Funds. By implication, then, the investment language in the bond Resolution giving the Secretary final investment authority only applies to the Bond Proceeds and Debt Service Funds; the Policy alone governs the terms of the Highway Fund investments. This is consistent with the language of the three Fund statutes where only Highway Fund investments are not made subject to the bond Resolution. The Policy also creates an investment committee "to advise the Secretary," consisting of the KDOT Director of Administration and a PMIB representative; the committee considers investment strategies and performance, but only advises and does not act.[45] Lastly, the Policy decrees the standard of prudence that is to be applied in "managing the portfolio."[46]
IV. Analysis
A. KDOT funds as part of the PMIB Portfolio
We first address the question of whether the three 1989 highway funds are to be invested as part of the PMIB portfolio, and thereby become subject to an administrative fee under K.S.A. 75-4234, as amended. Although the language of the PMIB statute reads broadly to include "all moneys in the state treasury," it must be read in conjunction with the statutes governing investment of KDOT highway moneys. That is, even though the PMIB and KDOT statutes are in separate acts, they affect the same subject matter and, therefore, must be reconciled.[47] An examination of the House and Senate minutes for S.B. 476 (K.S.A.75-4234, as amended) reveals that, throughout discussion of the bill, testimony from the PMIB Chair and others specifically excluded KDOT Highway Funds from the portfolio.
Although an exception for these funds was first added, then deleted from the portfolio statute, the same history occurred with the KPERS funds. It appears then that the subsequent deletion has no overriding significance because KPERS laws are clear as to the exclusive investment powers of the KPERs Board and make no reference whatsoever to PMIB investment.[48] Additionally, an April 19, 1996, subcommittee report, submitted two months after the KDOT exception was deleted, describes the portfolio as being comprised of "state idle funds," which, by definition, cannot include the special or trust funds set out in the Comprehensive Highway Program.
We conclude that the investment of the three KDOT funds must be made under the authority of K.S.A. 68-2314, et seq., rather than as part of the PMIB portfolio. Because the KDOT funds are not part of the portfolio, an administrative fee cannot, by statute, be applied by the Director of Investments.
B. Statutory and fiduciary responsibility for KDOT funds
Your second question is whether the PMIB or the Secretary of KDOT has the "statutory responsibility and fiduciary duty" for investing the three KDOT highway funds. Because the applicable KDOT statutes expressly refer to the Director of Investments' authority to "invest and reinvest" these funds, we will assume your question asks who has the ultimate responsibility for investments, not merely a responsibility to take some part in the investment process.
1. The Highway Bond Debt Service Fund and Highway Bond Proceeds Fund
As stated above, the KDOT investment statutes for the Bond Debt Service Fund and Bond Proceeds Fund grant the Secretary management and control of the Funds, and make any investments subject to the bond Resolution. The Restatement of Trusts requires a trustee on whom the standard of prudence is imposed to conform to both applicable statutes and the terms of any trust documents when investing funds.[49] Kansas has adopted the Restatement of Trusts where there is no controlling authority on point.[50] The 1992 bond Resolution directs the PMIB to follow the Secretary's directions with respect to type, amount and maturity of investments and takes all such responsibility away from the PMIB. In conjunction with these powers, the Policy grants the Secretary decision-making authority for overall portfolio strategy and performance. Because the Secretary also is made responsible for insuring bond payments are sufficient and for complying with federal tax laws on investments, it logically follows that the Secretary be granted broad powers for controlling investments on both the policy and practical levels. In construing a statute, the effect of the statute under various constructions must be considered.[51] It would be contradictory for the Legislature to impose responsibility on the Secretary for the foregoing obligations without granting the Secretary corresponding control over the Funds. The language of the highway statutes, the bond Resolution and the Policy makes such correspondence between the Secretary's duties and his responsibilities.
Under the Restatement of Trusts, as adopted in Kansas, the trustee "must exercise care and skill as a man of ordinary prudence would exercise in dealing with his own property" and "must administer the trust solely in the interest of the beneficiary."[52] The Restatement of Trusts also contemplates that the trustee will "make and implement investment decisions and diversify the investments."[53] The comments to § 227 of the Restatement refer to the trustee "managing" the trust,[54] and formulating and implementing an appropriate investment strategy.[55] Using these guidelines, the Secretary of KDOT has duties more akin to a trustee's fiduciary responsibilities than does the PMIB. In fact, the Director of Investments has no management authority under either the applicable PMIB or KDOT laws, and must look to the Secretary and his policies for direction. It is our conclusion, therefore, that the Secretary of KDOT has both the statutory and fiduciary responsibilities for investing moneys in the Bond Debt Service Fund and the Bond Proceeds Fund.
2. The State Highway Fund
The State Highway Fund is not "controlled" by the Secretary, nor are its investments subject to the clear directives of the bond Resolution. The Secretary has management of the fund and the Director of Investments has authority to "invest and reinvest" the moneys in the Fund. It is again our conclusion, however, that the Secretary of KDOT has both the statutory and fiduciary responsibilities for investment of moneys in the State Highway Fund — albeit with input from the PMIB — for the following reasons:
(a) In contrast to the language and application of the Freeway Funds, the Secretary retains and exercises authority to set and alter investment policies, determine strategy, consult experts and establish reporting requirements for the Highway Funds. Where the Legislature uses different language in comparable statutes, the presumption is that a different result was intended.[56] The presumption here is that the Secretary was granted additional powers over investments.
(b) The language of the statutes and the Policy distinguish the Director's powers from the Secretary's. Under the PMIB laws, the Director of Investments does not have management authority such as the PMIB formerly had over state moneys. Excluding investment management from among the Director's responsibilities denotes differing responsibilities and implies that management is a different level of responsibility than investing and reinvesting[57] (presumably a lesser responsibility as the Director acts under the control of the PMIB). The KDOT statutes likewise require the Director to consult with the Secretary and comply with his resolutions before making investments; he is granted no express decision-making authority. Similarly, the Policy refers to the PMIB executing "investment transactions," not making decisions. When the Policy delineates the powers of the Secretary, however, it is in terms which closely parallel the Restatement's fiduciary responsibilities, such as making investment decisions, diversifying, managing the trust and formulating investment strategy. Although no part of the statute itself, the title of K.S.A. 68-2324, which states the Secretary has management of highway fund investments, cannot be ignored in construing the statute.[58] The term "management" appears to have legal significance in both the statutes and the policy in determining the hierarchy of investment duties.
(c) By statute, the three KDOT Funds are intertwined; the Highway Fund is financed by and finances the other two KDOT Funds. Transfers are regularly made between the three funds, with the Debt Service Fund having first priority over all Highway funds and only the remainder reverting back to the Highway Fund. As stated above, we conclude the Secretary is responsible for investing the Bond Debt Service and Bond Proceeds Funds; once again examining the consequences of various constructions, the logical and workable conclusion is that the Secretary also decides investments for the Highway Fund. Operationally, moneys are kept in the Highway Fund during the interim after funds are transferred from the Bond Proceeds Fund into the Highway Fund, and before they are used for projects or deposited into the Debt Service Fund. The Legislature is presumed to intend that statutes be given reasonable construction to avoid unreasonable results.[59] Switching investment decision-makers from day to day, depending on which Fund moneys are located in, is just such an absurd result. It is reasonable that planning, continuity and the benefits of experience would all be heightened by the designation of one investor for three Funds that share their deposits and statutory purpose.
(d) Finally, under the doctrine of operative construction, an administrative agency is entitled to deference for reasonable interpretations of statutes for which it is responsible.[60] This office has stated, in reviewing the State Freeway Fund, an administrative interpretation is entitled to great weight in determining the meaning of a statute unless it is clearly wrong.[61] Officials at both the PMIB and KDOT advised this office that the Secretary has set investment policy and made final investment decisions for all three Highway Program Funds since revenue bonds were issued in 1992, and bond surpluses began to be invested. The PMIB, now the Director of Investments, has provided investment recommendations when asked and has executed invested transactions for a yearly fee of $113,327. Our earlier opinion also determined that the Legislature has acquiesced in an administrative interpretation where it amended the relevant statutes and made no changes to the matter being interpreted.[62] In 1996, the Legislature amended both the PMIB laws and the KDOT highway fund laws and did not alter the language allocating responsibility for Fund investment. Although courts retain jurisdiction to overturn agency decisions, it is our conclusion that the present interpretation of KDOT and PMIB is reasonable, and the Secretary has final authority and responsibility over all Highway Fund investment.
It is our opinion that the moneys in the State Highway Fund, the Bond Proceeds Fund and the Bond Debt Service Fund are not part of the Pooled Money Investment Portfolio and are not subject to the PMIB's administrative fee. It is also our opinion that the Secretary of the Department of Transportation has statutory and fiduciary responsibility for investment of all three funds and the Director of Investments of the PMIB is responsible for executing the Secretary's investment directives.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Nancy L. Ulrich Assistant Attorney General
CJS:JLM:NLU:jm
[1] L. 1974, Ch. 364, § 35.
[2] Id.
[3] Attorney General Opinion No. 80-18.
[4] Report on Kansas Legislative Interim Studies to the 1975 Legislature, Part II, December, 1974, p. 1083.
[5] K.S.A. 68-2311.
[6] L. 1975, Ch. 404, § 5.
[7] K.S.A. 68-2311(b).
[8] K.S.A. 68-2311(d).
[9] K.S.A. 68-2311(e).
[10] K.S.A. 68-2311(f).
[11] K.S.A. 68-2311(g).
[12] K.S.A. 68-2311(h).
[13] K.S.A. 68-2314.
[14] Kansas Department of Transportation Comprehensive Highways Program Statement of Investment and Reporting Policy, as amended Jan. 6, 1995, p. 2.
[15] Minutes, Senate Committee on Transportation and Utilities, April 29, 1989, Attachment 3.
[16] K.S.A. 68-2320.
[17] Division of Accounts and Reports, Annual Financial Report, July 1, 1996 to June 30, 1997, p. XIV.
[18] K.S.A. 75-4232.
[19] L. 1996, Ch. 254, § 26.
[20] K.S.A. 75-4234(a), as amended by L. 1998, Ch. 161, § 5.
[21] Minutes, Senate Committee on Financial Institutions and Insurance, January 17, 1996, attachment 2; January 31, 1996, attachment 2-2, 3-3; Minutes, House Committee on Appropriations, March 27, 1996, attachment 2-9; April 26, 1996, attachment 12.
[22] Attorney General Opinion No. 95-31, p. 3.
[23] Attorney General Opinion No. 95-31, p. 5.
[24] K.S.A. 68-2324; 1992 Resolution of the Secretary of Transportation of the State of Kansas, adopted March 31, 1992 (1992 Resolution).
[25] K.S.A. 68-2324.
[26] Attorney General Opinion No. 95-31, p. 13.
[27] K.S.A. 68-2321.
[28] See fn. 13.
[29] K.S.A. 68-2321(b).
[30] Id.
[31] K.S.A. 75-4253 (emphasis added).
[32] K.S.A. 68-2325.
[33] Id.
[34] 1992 Resolution of the Secretary of Transportation of the State of Kansas, adopted March 31, 1992.
[35] Id.
[36] K.S.A. 68-2325.
[37] Id.
[38] K.S.A. 68-2328.
[39] 1992 Resolution of the Secretary of Transportation of the State of Kansas, adopted March 31, 1992, p. 14 (emphasis added).
[40] 1992 Resolution of the Secretary of Transportation of the State of Kansas, adopted March 31, 1992, p. A-8 (as amended).
[41] 1992 Resolution of the Secretary of Transportation of the State of Kansas, adopted March 31, 1992, p. 15.
[42] 1992 Resolution of the Secretary of Transportation of the State of Kansas, adopted March 31, 1992, pp. 14, 19.
[43] Kansas Department of Transportation Comprehensive Highways Program Statement of Investment and Reporting Policy, as amended Jan. 6, 1995, p. 3.
[44] Id. pp. 4, 6.
[45] Id. pp. 4-5.
[46] Id.
[47] United Steelworkers of America v. Kansas Comm'n on Civil Rights,253 Kan. 327, Syl. ¶ 1 (1993).
[48] K.S.A. 74-4921, et seq.
[49] Restatement of the Law of Trusts Third, Prudent Investor Rule, § 228, p. 101 (1992).
[50] In the Matter of the Estate of Maxedon, 24 Kan. App. 2d 427, 429
(1997).
[51] State Bd. of Nursing v. Ruebke, 258 Kan. 599, 612-614 (1996).
[52] In the Matter of the Estate of Maxedon, 24 Kan. App. 2d at 434,435.
[53] Restatement of the Law of Trusts Third, Prudent Investor Rule, § 227(b) (1992).
[54] Restatement of the Law of Trusts Third, Prudent Investor Rule, § 227, comments (b), (f) (1992).
[55] Restatement of the Law of Trusts Third, Prudent Investor Rule, § 227, comments (d) (1992).
[56] State v. Scherzer, 254 Kan. 926, 937 (1994).
[57] Id.
[58] Arredondo v. Duckwall Stores, Inc., 227 Kan. 842, 846 (1980).
[59] State v. Roudybush, 235 Kan. 834, 846 (1984).
[60] Hundley v. McKune, 23 Kan. App. 2d 187, 189 (1996).
[61] Attorney General Opinion No. 83-35.
[62] Id.