(929 P.2d 171)

No. 74,034

ROBERT G. LILE, *Appellant*, v. CHARLES SIMMONS, *et al.*, *Appellees*.

—

Opinion filed August 2, 1996.

*Gary L. Fuller*, of Legal Services for Prisoners, Inc., of Lansing, for appellant.

*Linden G. Appel*, deputy chief counsel, of Kansas Department of Corrections, of Topeka, for appellees.

Before BRAZIL, C.J., MARQUARDT, J., and GENE B. PENLAND, District Judge Retired, assigned.

MARQUARDT, J.: Robert G. Lile appeals the district court's summary dismissal of his habeas petition, claiming that prison authorities violated his constitutional rights by not granting him "minimum custody by exception."

Lile was convicted of aggravated kidnapping, rape, and aggravated sodomy. During his first year of incarceration in 1983, Lile was also convicted of attempted aggravated escape from custody.

Due to the nature of his convictions, the Department of Corrections (DOC) placed Lile in the maximum security classification. In 1989, the DOC changed Lile's security classification to "medium by exception" because of his good behavior. In 1994, Lile requested a "minimum by exception" security classification, which the DOC denied.

Lile filed a petition for writ of habeas corpus under K.S.A. 60-1501, which the district court denied. Lile appeals.

To avoid dismissal, a K.S.A. 60-1501 petition must include allegations of either shocking and intolerable conduct or continuing mistreatment. *Swisher v. Hamilton,* 12 Kan. App. 2d 183, 184, 740 P.2d 95, *rev. denied* 242 Kan. 905 (1987). Here, the merit of Lile's constitutional claim is dependent upon whether he possessed a constitutionally cognizable liberty interest in being granted minimum security status. See *Graham v. Nelson*, 20 Kan. App. 2d 896, 897, 893 P.2d 294 (1995).

The 14th Amendment to the United States Constitution provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." The limited range of liberty interest that the 14th Amendment affords to prison inmates may arise from two sources: (1) the Due Process Clause and (2) the laws of the states. *Hewitt v. Helms*, 459 U.S. 460, 468-69, 74 L. Ed. 2d 675, 103 S. Ct. 864 (1983).

Lile contends that Kansas law creates a liberty interest in a prison inmate's placement in the least restrictive security classification appropriate for that inmate. Lile cites K.S.A. 1995 Supp. 75-5210(b), which allows inmates to apply to the Secretary of Corrections for a change in security status; however, it does not guarantee such changes will be made.

In *Sandin v. Conner*, 515 U.S. 472, 484, 132 L. Ed. 2d 418, 115 S. Ct. 2293 (1995), the Court explained that despite any mandatory language in state law, state action does not infringe upon a constitutionally cognizable liberty interest unless the action places an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

In *Davis v. Finney*, 21 Kan. App. 2d 547, 559, 902 P.2d 498 (1995), this court adopted the "atypical hardship" test of *Conner* and upheld the dismissal of a habeas petition which alleged that prison authorities placed the inmate in disciplinary segregation without due process. This court reasoned that the record was devoid of any showing that the petitioner was subjected to any hardship beyond the normal incidents of a prison sentence. 21 Kan. App. 2d at 559.

In *Paoli v. Lally*, 636 F. Supp. 1252, 1265 (D. Md. 1986), *aff'd* 812 F.2d 1489, *cert. denied* 484 U.S. 864 (1987), the court held that a Maryland prison regulation did not create a liberty interest in an inmate's transfer to minimum security status. The court reasoned that "[t]he regulation merely requires consideration of certain criteria; it does not mandate transfer of inmates meeting those criteria." 636 F. Supp. at 1265.

The Kansas statutes and prison regulations at issue provide nothing more than a framework for rewarding inmates for good behavior with transfers from a higher to a lesser security status. The statutes and regulations provide the DOC with unfettered discretion in making such decisions and do not require that an inmate be granted a lesser security status upon any specific finding as to the inmate's behavior. Kansas law does not create a constitutionally cognizable liberty interest in a prison inmate's movement from a higher to a lesser security status.

The establishment and implementation of three security classifications for all prison inmates, on its face, does not appear to impose an atypical hardship upon the inmates, but rather appears to be an administrative function necessary to the day-to-day management of the volatile environment of a prison. The courts should refrain from reviewing prison authorities' decisions regarding such matters. See, *e.g., Sandin,* 515 U.S. at 482.

In sum, Kansas law does not create a liberty interest regarding a prison inmate's security classification. Because Lile has no liberty interest in receiving minimum security status, this court will not review the DOC's decision to maintain his medium security status. See *Graham*, 20 Kan. App. 2d at 897.

Affirmed.