**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JAMAL BEY,

Plaintiff-Appellant,

v.

CHARLES SIMMONS, Secretary,
Department of Corrections; STATE
OF KANSAS,

Defendants-Appellees.

No. 02-3350
(D.C. No. 00-CV-3445-GTV)
(D. Kan.)

ORDER AND JUDGMENT  *

Before **BRISCOE** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Jamal Bey, a former Kansas state prisoner proceeding pro se, brought this action under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights. The district court dismissed some of his claims as moot due to his release from custody. Applying 28 U.S.C. § 1915(e)(2)(B)(ii), the court dismissed Mr. Bey's remaining claim that he was denied his due process rights when he was erroneously classified as a medium-security inmate. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Upon his entry into the prison system in August 2000, Mr. Bey was classified as a minimum-security inmate, but when he arrived at the Lansing Correctional Facility, he was classified as a medium-security inmate and housed with maximum-security inmates. Approximately four months later, the error was corrected. Mr. Bey sued, alleging he had a liberty interest in his classification within the prison system and that interest was abridged when he was reclassified as medium-security without any notice or explanation. [1] He asserts that he suffered mental anguish as a result of the error in classifying him. After allowing Mr. Bey leave to amend his complaint, the district court dismissed this charge because it did not state a claim upon which relief may be granted, as provided by

---

[1] Mr. Bey brought additional claims alleging that he was denied a diet and prison call-outs to accommodate his religious faith, and the prison wrongly denied his religious group funding to purchase books. He does not pursue these claims on appeal.

§ 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.").

We review de novo the district court's decision to dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir.) (quotation omitted), cert. denied, 534 U.S. 922 (2001). Because plaintiff is representing himself on appeal, his pleadings will be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Mr. Bey maintains Kansas created a liberty interest in prison classification, but he has not cited any state statute or prison regulation that creates or recognizes such a liberty interest. We have held that there is no constitutionally protected liberty interest in a prison classification. Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994). Moreover, Mr. Bey's allegations of the mental anguish he suffered as a result of the error in classifying him did not impose "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life,"

or threaten to lengthen his term of confinement. Sandin v. Conner, 515 U.S. 472, 484, 487 (1995). Finally, Kansas law does not create a liberty interest regarding a prison inmate's security classification. Lile v. Simmons, 929 P.2d 171, 173 (Kan. Ct. App. 1996); cf. Murphy v. Nelson, 921 P.2d 1225, 1234, 1235 (Kan. 1996) (holding, as a matter of law, that Kansas prisoner has no liberty interest in confinement in administrative segregation). Accordingly, Mr. Bey's complaint based on a liberty interest in his prison classification was properly dismissed as failing to state a claim upon which relief may be granted.

The district court granted Mr. Bey leave to proceed on appeal without prepayment of the filing fee. Mr. Bey is reminded that he is obligated to continue making partial payments until the entire fee has been paid. The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-