NOT DESIGNATED FOR PUBLICATION

No. 114,341

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERRY F. WALLING,
*Appellant*,

v.

SCOTT SPRADLING, *et al.*,
*Appellees*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed April 29, 2016. Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Sherri Price*, special assistant attorney general, Lansing Correctional Facility, for appellee.

Before ATCHESON, P.J., BRUNS, J., and WALKER, S.J.

*Per Curiam*: Terry F. Walling appeals the summary dismissal of his petition for habeas corpus relief under K.S.A. 2015 Supp. 60-1501 for failure to state a claim. Since we find, as a matter of law, that Walling did not have a protected liberty interest, we affirm the district court's decision.

FACTS

The pertinent facts are not in dispute. As an inmate in the custody of the Kansas Department of Corrections (KDOC), Walling filed several requests to change his security

1

status from high-medium to minimum custody by exception, all of which were denied by various KDOC officials. After exhausting his available administrative remedies, Walling petitioned the district court for habeas relief under K.S.A. 2015 Supp. 60-1501.

This was not the first time Walling challenged his custody classification in court. See *Walling v. Simmons*, No. CIV. A. 94-3398-GTV, 1998 WL 229541, at *3 (D. Kan. 1998) (unpublished opinion) (affirming summary judgment for defendants on Walling's challenge to change in his classification from minimum custody to medium custody in federal civil rights action).

In this case, the district court issued a writ, appointed counsel, ordered the KDOC officials Walling named as defendants to file an answer, and set the matter for hearing. Walling purported to raise several claims in his pro se petition and subsequent pleadings. His appointed counsel, however, narrowed his claim to challenge the denial of his requests for minimum custody by exception based on allegations of "shocking and intolerable conduct." After filing their joint answer, the KDOC defendants jointly moved to dismiss the case for failure to state a claim. See K.S.A. 2015 Supp. 60-1505(a) (allowing for summary proceeding to determine cause and dissolve writ where motion, files, and records of case conclusively show inmate is entitled to no relief).

Following a hearing, at which Walling appeared with counsel, the district court granted the defendants' motion and dismissed the case. This is Walling's timely appeal from that decision.

ANALYSIS

In his sole issue on appeal, Walling contends he stated a proper claim for habeas relief based on shocking and intolerable misconduct that resulted in the denial of his

requests for minimum custody by exception. The KDOC disagrees and urges this court to affirm.

Kansas law clearly prevents Walling from challenging his security custody status designated by the KDOC. See K.S.A. 2015 Supp. 75-5210(b) ("The security custody status designated by the department shall not be subject to judicial review."). But we have found no case that has applied this language to preclude a habeas challenge under K.S.A. 2015 Supp. 60-1501 to allegedly improper *conduct* by prison officials that informed the designation.

Turning to the merits, we must uphold the summary dismissal of Walling's K.S.A. 60-1501 petition "if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). When, as here, we have the same access to a K.S.A. 2015 Supp. 60-1501 petition, records, and files as the district court, we conduct a de novo review, accepting as true Walling's factual allegations. See 289 Kan. at 649 (de novo review); *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005) (appellate court accepts facts alleged as true in reviewing summary dismissal of K.S.A. 2015 Supp. 60-1501 petition).

Our Supreme Court has held that to state a claim for relief under K.S.A. 2015 Supp. 60-1501, a petitioner must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson*, 289 Kan. at 648 (citing *Bankes v. Simmons*, 265 Kan. 341, 349, 963 P.2d 412, *cert. denied* 525 U.S. 1060 [1998]). The parties dispute whether Walling's allegations state a claim under either alternative.

Notably, Walling concedes that this court has held an inmate has no protected liberty interest in his or her custody classification. See *Hundley v. McKune*, 23 Kan. App.

2d 187, 192, 929 P.2d 1382 (1996) (holding inmate's attempts to obtain minimum custody by exception did not "raise due process concerns"); *Lile v. Simmons*, 23 Kan. App. 2d 1, 3, 929 P.2d 171 (1996) (holding inmate has no due process liberty interest in minimum security classification in affirming summary dismissal of K.S.A. 60-1501 petition challenging denial of minimum security classification based on good behavior). What Walling fails to appreciate, however, is that this lack of protected liberty interest is fatal to his claim under either alternative for stating a claim for relief under K.S.A. 2015 Supp. 60-1501 discussed in *Johnson*.

Simply put, Walling misreads *Johnson* to suggest that as long as he alleged shocking and intolerable conduct by the KDOC defendants, it does not matter that he has no protected liberty interest in his custody classification. As the *Johnson* court pointed out, however:

> "The first alternative for stating a claim under K.S.A. 60-1501—establishing shocking and intolerable conduct—derives from the Fourteenth Amendment to the United States Constitution, which prohibits the states from depriving persons of 'life, liberty, or property, without due process of law.' U.S. Const. amend. XIV, § 1; see *County of Sacramento v. Lewis*, 523 U.S. 833, 847, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998); *Levier v. State*, 209 Kan. 442, 451, 497 P.2d 265 (1972)." *Johnson*, 289 Kan. at 649.

In the context of an inmate's claim involving the deprivation of due process, the United States Supreme Court has held:

> "States may under certain circumstances create liberty interests which are protected by the Due Process Clause. [Citation omitted.] But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation

4

to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

As other courts have noted, "'[v]ery few conditions of prison life are "shocking" enough to violate a prisoner's right to substantive due process.'" *Tavares v. Amato*, 954 F. Supp. 2d 79, 98 (N.D.N.Y. 2013) (citing *Sandin*'s examples of transfer to mental hospital and involuntary administration of psychotropic drugs).

A close reading of *Hundley* and *Lile* demonstrates that both decisions are based on the conclusion that the classification of an inmate's custody status does not impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Consequently, an inmate's challenge to his or her custody classification under K.S.A. 2015 Supp. 60-1501 fails as a matter of law. See *Hundley*, 23 Kan. App. 2d at 192; *Lile*, 23 Kan. App. 2d at 3. The same reasoning requires us to conclude here that Walling has failed to state a claim for relief under K.S.A. 2015 Supp. 60-1501.

To summarize, where no protected liberty interest is involved, there is no requirement of constitutional due process. *Amos v. Nelson*, 260 Kan. 652, 658-59, 923 P.2d 1014 (1996). Walling provides no reason for this court to stray from its prior holdings that an inmate has no protected liberty interest in his or her custody classification; so there is no requirement of constitutional due process. Because, as a matter of law, no cause for granting the writ Walling sought in this case exists, we hold the district court did not err in summarily denying Walling's K.S.A. 2015 Supp. 60-1501 petition.

Affirmed.