**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**September 19, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TERRANCE J. KELLY,

    Plaintiff - Appellant

v.

DAN SCHNURR; FRED C. EARLY;
JOHN C. CANNON; BRETT SISSELL;
JARRIS PERKINS; DUSTIN M.
RANDOLPH; ANDREW C. FUOSS;
ELIZABETH A. ALLEN; DEVIN S.
CARPENTER; MISTY KROEKER;
ALLYSON J. AGNEW,

    Defendants - Appellees

No. 24-3019
(D.C. No. 5:23-CV-03142-JWL)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **PHILLIPS**, **BALDOCK**, and **FEDERICO**, Circuit Judges.

_____

Terrance J. Kelly, a prisoner in the custody of the Kansas Department of

Corrections ("KDOC"), appeals the district court's dismissal of his pro se civil rights

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint for failure to state a claim for relief.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

On June 9, 2023, Mr. Kelly filed a complaint under 42 U.S.C. § 1983 against multiple KDOC officials asserting violations of the Eighth Amendment guarantee against cruel and unusual punishment, the Fourteenth Amendment right to due process, and the Fifth Amendment right to equal protection.  He alleged that over the course of his twenty-nine years in state custody, prison officials repeatedly placed him "in supermax custody under fraudulent, unsubstantiated and false reports written by staff containing libelous information and resulting slanderous remarks towards [him]."  R. at 6.  He stated that each time he filed grievances about his placement, he was released until the next time.  He further stated he was not currently in administrative segregation or on supermax status.  He sought damages, declaratory relief, and injunctive relief.

Screening the complaint pursuant to 28 U.S.C. § 1915A(a), the district court identified numerous problems with Mr. Kelly's claims:

- the two-year statute of limitations for § 1983 claims brought in Kansas appeared to bar the bulk of the claims;

- there is no constitutional due process right to a choice of prison housing;

- Mr. Kelly's Eighth Amendment claim was subject to dismissal because he failed to allege sufficiently serious conditions and had advanced only

2

"conclusory allegations that any defendant's actions were taken in bad faith and for no legitimate reasons," R. at 161;

- his equal protection claim failed because he either (1) did not demonstrate that he was similarly situated to inmates in the general population and that any difference in treatment was not reasonably related to legitimate penological interests or (2) failed to allege he was treated differently than other inmates in administrative segregation; and

- he failed to allege the personal participation of any defendant.

Based on these shortcomings, the district court ordered Mr. Kelly to show good cause why the court should not dismiss his complaint.

Mr. Kelly filed a response, a motion for an evidentiary hearing, and a demand for a jury trial. He clarified that his claims arose from being placed in administrative segregation on June 24, 2019, and that after he filed a grievance about that placement, two of the defendants retaliated against him by filing allegedly false disciplinary reports in June 2020 and March 2021.

As to the limitations problem, he argued that a state habeas action about that placement he filed in 2019 rendered timely his June 2023 § 1983 complaint. The district court construed this as a tolling argument and rejected it, explaining that time spent exhausting state-court remedies tolls the federal habeas statute of limitations but not § 1983's statute of limitations. Mr. Kelly also contended that his complaint was timely under the continuing violation doctrine. The district court assumed the doctrine could apply to § 1983 claims but concluded it did not apply to Mr. Kelly's

3

claims because all of the relevant events—his release from administrative segregation in June 2019 and the June 2020 and March 2021 disciplinary reports—occurred more than two years before he filed his complaint.

Regarding his equal protection claim, Mr. Kelly explained that he was similarly situated to general population inmates and was placed in administrative segregation without reason and without any disciplinary reports. The district court found this insufficient to cure the defects in the complaint.

Mr. Kelly also asserted his due process rights were violated when he was assessed a new "gang-point" validation in 2021, which added six points to his classification status, without any evidence or proper investigation. R. at 171. The district court concluded this assertion did not state a valid Fourteenth Amendment due process claim because Kansas law does not create a liberty interest in an inmate's security classification.

Based on this analysis and the reasons set out in the show-cause order, the district court dismissed Mr. Kelly's complaint for failure to state a claim for relief and denied his motion for an evidentiary hearing. The court issued a separate judgment dismissing the case. The court did not address his demand for a jury trial.

Mr. Kelly filed a post-judgment motion, arguing he had in fact stated a claim for relief. The district court denied the motion because Mr. Kelly's argument was wholly conclusory.

Mr. Kelly appeals.

## II. DISCUSSION

### A. Standard of review

We review de novo a district court's decision to dismiss a prisoner complaint pursuant to § 1915A(b)(1) for failure to state a claim. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). "We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted). Because Mr. Kelly is pro se, we construe his pleadings liberally, but we may not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### B. Mr. Kelly's claims are untimely

We conclude that all of Mr. Kelly's claims are barred by the relevant statute of limitations. State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims. *See Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984) (en banc). Kansas's statute of limitations for personal injury claims, Kan. Stat. Ann. § 60-513(a)(4), is two years. Federal law governs the question of accrual of a § 1983 claim. *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). Section 1983 "claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* (internal quotation marks omitted).

Mr. Kelly admits that his 2019 placement in administrative segregation was "the last installment" in a long series of allegedly improper placements. Aplt. Opening Br. at 2. However, he did not file his complaint until almost four years

5

later, well beyond the two-year limitations period.  To avoid this result, Mr. Kelly

contends that the "gang point stigma" cast upon him shows a continuing wrong,

which he characterizes as "the continual attack on [his] character."  *Id.*  We are not

persuaded.

We may assume the continuing violation doctrine is applicable to § 1983

claims.  *See Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011) (making such

an assumption for purposes of argument).  Under that doctrine, "where a tort involves

a continuing or repeated injury, the cause of action accrues at, and limitations begin

to run from, the date of the last injury."  *Tiberi v. CIGNA Corp.*, 89 F.3d 1423, 1430

(10th Cir. 1996) (internal quotation marks omitted).  "In other words, the statute of

limitations does not begin to run until the wrong is over and done with."  *Id.*

at 1430–31 (internal quotation marks omitted).  But "the doctrine cannot be

employed where the plaintiff's injury is definite and discoverable, and nothing

prevented the plaintiff from coming forward to seek redress."  *Id.* at 1431 (internal

quotation marks omitted).

Mr. Kelly's allegations reveal that he sustained a definite and discoverable

injury from his 2019 placement in administrative segregation and the 2020 and 2021

disciplinary reports, and he does not argue that anything kept him from seeking

redress for those actions within the limitations period.  Mr. Kelly argues that any

continuing stigma or attack on his character from the validation is sufficient to render

his complaint timely under the continuing violation doctrine.  This argument fails

because "the doctrine is triggered by continual unlawful *acts*, not by continual *ill*

*effects* from the original violation," *Mata*, 635 F.3d at 1253 (emphasis added) (internal quotation marks omitted). Because Mr. Kelly's claims are time barred, we need not address his arguments contesting the district court's analysis of the substance of those claims.[1]

**C.    Denial of evidentiary hearing; failure to address jury demand**

Mr. Kelly faults the district court for denying his motion for an evidentiary hearing and disregarding his demand for a jury trial. We see no error. As the district court explained, Mr. Kelly premised his motion for an evidentiary hearing on case law concerning the right to an evidentiary hearing on a motion filed by a criminal defendant under 28 U.S.C. § 2255. Mr. Kelly, however, proceeded under § 1983, and his allegations failed to state a claim for relief. The district court, therefore, properly dismissed his action without holding an evidentiary hearing or addressing his jury demand.

---

[1] We note one possible exception to our conclusion that we need not address any of Mr. Kelly's arguments going to the merits of his claims. It is unclear from the record when in 2021 the gang-point validation occurred. If it was more than two years before he filed his complaint (i.e., before June 9, 2021), any free-standing due process claim based on the gang-point validation would be untimely. If was less than two years before he filed his complaint, the district court properly dismissed the claim for failure to state a claim for relief. "A due process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered." *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006). Mr. Kelly's gang-point validation claim does not implicate any property interest, and "Kansas law does not create a liberty interest regarding a prison inmate's security classification," *Lile v. Simmons*, 929 P.2d 171, 173 (Kan. App. 1996).

## III. CONCLUSION

We affirm the district court's judgment. We deny Mr. Kelly's motion to proceed on appeal without prepayment of costs or fees ("IFP"). To obtain permission to proceed IFP, Mr. Kelly had to show that he was "unable to pay" the fees. 28 U.S.C. § 1915(a)(1). The copy of his inmate trust fund account he filed with his motion on April 15, 2024, shows that as of April 4, 2024, he had an available balance of $3381.87 and no monthly expenses. Based on those figures, we find Mr. Kelly was not "unable to pay" the $605 filing and docketing fee. Consequently, he is obligated to immediately pay the entire filing fee. *See* § 1915(a)(2) (excusing only "prepayment of fees"); § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

Entered for the Court

Gregory A. Phillips
Circuit Judge