FILED
United States Court of Appeals
Tenth Circuit

March 31, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JUAN MATA,

      Plaintiff - Appellant,

v.

RON ANDERSON, Sgt.,

      Defendant - Appellee.

No. 10-2031

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 1:08-CV-00046-JB-RLP)**

---

Dennis Montoya of Montoya Law, Inc., Rio Rancho, New Mexico, for Plaintiff - Appellant.

Alex Walker, (Lisa Mann and Erin E. Langenwalter of Modrall, Sperling, Roehl, Harris & Sisk, P.A., with him on the brief), Albuquerque, New Mexico, for Defendant - Appellee.

---

Before **KELLY**, **HOLLOWAY**, and **TACHA**, Circuit Judges.

---

**KELLY**, Circuit Judge.

Plaintiff-Appellant Juan Mata appeals from the district court's grant of summary judgment in favor of Defendant-Appellee Sergeant Ron Anderson of the Farmington Police Department on his civil rights complaint pursuant to 42 U.S.C.

§ 1983. Mr. Mata alleged First Amendment retaliatory prosecution and Fourth Amendment malicious prosecution. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Background

Mr. Mata and several of his family members filed a civil rights lawsuit against the City of Farmington, New Mexico and several of its police officers on November 28, 2004, arising out of an incident with the police that occurred on November 29, 2002. Aplt. App. at 70, 188. Specifically, Mr. Mata alleged that his civil rights were violated when he was arrested and pepper sprayed by Officer Mike Briseno of the Farmington Police Department. Id. at 70. Mr. Mata and his family settled the lawsuit on November 16, 2005 for $75,000 ("November 2005 Settlement Agreement"). Id. at 73. The agreement expressly states that "[t]his Agreement therefore shall be construed to extinguish and discharge all claims included in the Action and any and all claims that Plaintiffs now have or could hereafter assert against any of the Released Parties of any nature whatsoever." Aplee. Supp. App. at 3. The Released Parties include the defendants, as well as their "agents, predecessors and successors, employees, insurers, representatives and attorneys." Id. Sergeant Anderson—the defendant in the current action—is an employee of the City of Farmington; thus, as we explain below, he was covered by the November 2005 Settlement Agreement.

On May 12, 2003, the Farmington Police Department received a letter from Mr. Mata's mother, signed by Mr. Mata and others, alleging that Officer Briseno had engaged in illegal stops and searches. Aplt. App. at 70. On May 20 and 23, 2003, Sergeant Anderson received interoffice memoranda from Officer Briseno regarding a potential death threat against Briseno by Mr. Mata. Id. at 71. On September 9, 2004, the Farmington Police Department received a letter from an attorney acting on behalf of Mr. Mata accusing Officer Briseno of having committed eleven felonies. Id. On October 28, 2004, Mr. Mata appeared outside the Farmington Police Department displaying signs accusing Officer Briseno of being "dirty" and a "liar." Id. at 72. In response, Sergeant Anderson filed a criminal complaint against Mr. Mata on January 11, 2005, alleging criminal libel. Aplee. Supp. App. at 40-41. Sergeant Anderson filed an amended criminal complaint on February 1, 2005, adding harassment and stalking. Id. at 44-45.

Mr. Mata learned of the criminal charges when he received a letter in the mail advising him to appear in court. Aplt. App. at 72. He was never arrested, handcuffed, or taken into custody. Id. When he appeared for the proceeding in magistrate court, he was shown a video informing him not to leave the county. Id. at 60. In magistrate court, Mr. Mata was convicted on all three counts. Id. at 194. Mr. Mata exercised his right to a trial de novo in state district court. Id. at 13. The state district court dismissed the criminal libel charge, and a jury acquitted Mr. Mata of the harassment and stalking charges on July 17, 2006. Id.

at 73, 194.

On February 2, 2009, Mr. Mata filed a Second Amended Complaint in federal court. Id. at 8. The federal claims included three counts of First Amendment retaliatory prosecution and three counts of Fourth Amendment malicious prosecution—based upon the criminal libel, harassment, and stalking charges previously filed by Sergeant Anderson. Id. at 13-22. Also included were four counts of malicious abuse of process pursuant to state law. Id. at 22-27. In granting summary judgment in favor of Sergeant Anderson, the district court held that the November 2005 Settlement Agreement released the First Amendment claims because those claims accrued at the latest in February 2005, when Sergeant Anderson filed the amended criminal complaint against Mr. Mata, and Mr. Mata had not brought forth any evidence that Sergeant Anderson engaged in new retaliatory acts after the filing of the amended criminal complaint. Id. at 235-36. In addition, the court held that Mr. Mata had failed to show that he suffered a seizure, as required for a Fourth Amendment malicious prosecution claim. Id. at 260. Finally, the court held that the state malicious abuse of process claims were released by the November 2005 Settlement Agreement and, regardless, were barred by the statute of limitations. Id. at 238, 266.

On appeal, Mr. Mata argues that the district court erred in (1) holding that his First Amendment claims accrued in February 2005, (2) declining to recognize the continuing violations doctrine for First Amendment retaliatory-prosecution

claims, (3) determining that the November 2005 Settlement Agreement released Sergeant Anderson from liability on the First Amendment claims, and (4) holding that Mr. Mata was not seized under the Fourth Amendment. Aplt. Br. at 9-19. He does not appeal the dismissal of his state tort claims. Id. at 3 n.1. We review de novo a grant of summary judgment. Lauck v. Campbell Cnty., 627 F.3d 805, 809 (10th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## Discussion

### A. Accrual of First Amendment Retaliatory-Prosecution Claims

Mr. Mata first argues that the district court erred in holding that his First Amendment retaliatory-prosecution claims accrued at the time of the filing of the criminal charges against him and contends that they accrued when the charges were dismissed. Aplt. Br. at 9-11.

"While state law governs limitations and tolling issues, federal law determines the accrual of 1983 claims." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995). This court has not specifically addressed when a First Amendment retaliatory-prosecution claim accrues. We have, however, held that a First Amendment retaliation claim—where the alleged retaliation was a poor employment evaluation, as opposed to a criminal charge—accrues when the

- 5 -

plaintiff knows or has reason to know of the injury that is the basis for the action. Workman v. Jordan, 32 F.3d 475, 482 (10th Cir. 1994) (citations omitted). We reject Mr. Mata's argument that his First Amendment retaliatory-prosecution claim did not accrue until the charges against him were dismissed. We note that a § 1983 malicious prosecution claim, which requires favorable termination as an element, does not accrue until the alleged malicious prosecution terminates in favor of the plaintiff. Wilkins v. DeReyes, 528 F.3d 790, 801 n.6 (10th Cir. 2008) (citing Heck v. Humphrey, 512 U.S. 477, 484-86 (1994)). Unlike a malicious prosecution claim, however, a First Amendment retaliatory-prosecution claim does not require a favorable termination of the underlying action. See Becker v. Kroll, 494 F.3d 904, 925 (10th Cir. 2007).

Under Workman, Mr. Mata's First Amendment retaliatory-prosecution claims accrued when he knew or had reason to know of the alleged retaliatory prosecution; thus, they accrued at the latest in February 2005, when he learned that Sergeant Anderson filed the amended criminal complaint against him. See Aplt. App. at 236; Aplee. Supp. App. at 44-45.

B.     Continuing Violation Doctrine

Mr. Mata next argues that his First Amendment retaliatory-prosecution claims did not accrue in February 2005 because Sergeant Anderson's participation in the criminal proceedings—in the form of testifying and maintaining the action against him—amounted to continuing violations of his First Amendment rights.

Aplt. Br. at 15.

We need not address whether the continuing violation doctrine applies to § 1983 claims because we agree with the district court that Mr. Mata has failed to establish that Sergeant Anderson engaged in any new retaliatory acts after the filing of the criminal complaint. We have concluded that "[a]ssuming the continuing violation doctrine applies to § 1983 claims, the doctrine is triggered 'by continual unlawful acts, not by continual ill effects from the original violation.'" Parkhurst v. Lampert, 264 F. App'x 748, 749 (10th Cir. 2008) (unpublished) (quoting Bergman v. United States, 751 F.2d 314, 317 (10th Cir. 1984)). Mr. Mata has alleged one unlawful act—the filing of the criminal complaint against him; accordingly, his First Amendment retaliatory-prosecution claims accrued in February 2005.

C.     November 2005 Settlement Agreement

Mr. Mata argues that even if the First Amendment retaliatory-prosecution claims accrued in February 2005, the district court erred in holding that the November 2005 Settlement Agreement precluded those claims because the settlement involved a separate case. Aplt. Br. at 11. This argument is not supported by the record.

The November 2005 Settlement states:

Plaintiffs hereby expressly release, forever discharge, and acquit Defendants and their agents, predecessors and successors, employees, insurers, representatives and attorneys ("Released Parties") from all

claims, suits, costs, debts, demands, actions and causes of action which they had or might have had against the Released Parties, arising out of or in any way related to the claims which were made or could have been made in the Action or in any way arising out of the facts or occurrences that could or did form the basis of the Action, or for any other reason including, but not limited to, any and all claims based in tort, contract, statute, ordinance, or law of any nature whatsoever, and any and all claims under any other federal, state or local statute, ordinance, or law.

This Agreement therefore shall be construed to extinguish and discharge all claims included in the Action and any and all claims that Plaintiffs now have or could hereafter assert against any of the Released Parties of any nature whatsoever.

Aplee. Supp. App. at 3. The plain language precludes the First Amendment retaliatory-prosecution claims at issue here, as Sergeant Anderson is an employee covered by the release,[1] and the release precludes Action-related claims as well as "any and all claims under any other federal, state or local statute, ordinance, or law." Id. In addition, Mr. Mata has offered no evidence tending to show any ambiguity in this language. In particular, he has offered no evidence showing that he did not intend for the release to be as broad as it is. See Mark V, Inc. v. Mellekas, 845 P.2d 1232 (N.M. 1993) (holding that a court may consider extrinsic evidence to determine whether a contract is ambiguous). Indeed, Mr. Mata asserted in a deposition that he believed that by signing the settlement, he

---

[1] At oral argument Mr. Mata's counsel argued that Sergeant Anderson was sued in his individual capacity and thus was not covered by the November 2005 Settlement Agreement. This argument was raised for the first time at oral argument and is meritless. The November 2005 Settlement Agreement waived all claims "against any of the Released Parties of any nature whatsoever." Aplee. Supp. App. at 3.

released not only the claims arising from the November 2002 incident, but also "any claims that [he] had up until that time." Aplt. App. at 56.

Mr. Mata also argues that enforcing the terms of the November 2005 Settlement Agreement violates public policy. Aplt. Br. at 14-15. The New Mexico Court of Appeals, however, recently enforced a broad settlement agreement that similarly waived the right to sue on all accrued claims that were covered by the settlement. See Branch v. Chamisa Dev. Corp., Ltd., 223 P.3d 942, 949 (N.M. Ct. App. 2009) (enforcing settlement agreement releasing parties "from any and all claims, known or unknown, at law or in equity, and of any kind or nature whatsoever"). The First Amendment claims are released by the November 2005 Settlement Agreement, as the settlement contains no language limiting the release to the claims related to the 2002 incident. We reject Mr. Mata's argument that enforcing a settlement that waives his right to sue on accrued claims of which he was fully aware violates public policy. The First Amendment claims are barred.

D.    Fourth Amendment Malicious Prosecution Claims

The district court held that the Fourth Amendment malicious prosecution claims were not released by the 2005 Settlement Agreement because under New Mexico law, the scope of the November 2005 Settlement Agreement was limited to claims that had accrued at the time the parties entered the Settlement, and the Fourth Amendment claims did not accrue until the termination of the criminal

proceedings in July 2006. Aplt. App. at 232, 236-37. Instead, the district court granted summary judgment because no seizure was involved.

To prevail on this claim, Mr. Mata must show that he was seized under the Fourth Amendment. Nielander v. Bd. of Cnty. Comm'rs, 582 F.3d 1155, 1164-65 (10th Cir. 2009). We have declined "to expand Fourth Amendment liability in cases where the plaintiff has not been arrested or incarcerated." Becker, 494 F.3d at 915. Mr. Mata admits that he was never arrested or imprisoned, but he contends that the travel restrictions placed upon him are sufficient to constitute a seizure. Aplt. Reply Br. at 6. Restrictions on travel, however, are not sufficient to constitute Fourth Amendment seizure under our precedent. See Nielander, 582 F.3d at 1165 (rejecting argument that plaintiff was seized under the Fourth Amendment because a criminal summons restricted his freedom of movement by preventing him from starting an out-of-state job) (citing Becker, 494 F.3d at 915)). Because Mr. Mata has not shown that he was seized, his Fourth Amendment claims must fail.

AFFIRMED.