**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES DEPARTMENT
OF LABOR, Secretary of Labor,

      Plaintiff-Appellee,

v.

COPART, INC.,

      Defendant-Appellee.

_____

CHARLES L. DALTON,

      Intervenor-Appellant.

No. 10-5148
(D.C. No. 4:07-CV-00077-TCK-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL** and **O'BRIEN**, Circuit Judges.

Intervenor Charles L. Dalton appeals from the district court's order

granting summary judgment to plaintiff, the Secretary of Labor, and ordering

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defendant Copart, Inc. to pay Dalton $241,570.32 in back pay and interest, as the Secretary had requested. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.

## I. Administrative Proceedings

Dalton worked as a salvage hauler for Copart at its facility in Tulsa, Oklahoma, from January 11, 1999, until March 4, 1999, when Copart fired him for refusing to drive his assigned truck. On March 8, 1999, Dalton filed a complaint with the Occupational Safety and Health Administration (OSHA), alleging that he had reasonably refused to drive an unsafe truck and that Copart had violated the Surface Transportation Assistance Act of 1982 (STAA) when it fired him for refusing to drive it. See 49 U.S.C. § 31105(a)(1)(B)(ii). OSHA investigated Dalton's STAA complaint, but dismissed it for lack of merit.

Dalton requested a hearing before an administrative law judge (ALJ), which was held on May 10, 2000. Jt. App. at 12. On November 27, 2000, the ALJ issued a Recommended Decision and Order (RDO) concluding that Copart had violated the STAA when it fired Dalton. Id. at 11, 43. The ALJ directed Copart to reinstate Dalton to his position and to restore his job benefits. Id. at 44. The ALJ also noted that Dalton was "entitled to a mandatory award of back pay[,]" and that "[i]nterest is due on back pay awards from the date of discharge until the date when payment of back pay is made." Id. at 43 (citing Johnson v. Roadway

Express, Inc., ARB No. 99-111, 2000 WL 35593006, at *13 (ARB Mar. 29, 2000)). Accordingly, the ALJ directed Copart to pay Dalton back pay "until [Copart] reinstates [Dalton] or makes him an offer of reinstatement," and to pay "[i]nterest on back pay . . . from the date of discharge until the date [Dalton] is paid[.]" Id. at 44. The ALJ also directed Dalton to file a petition for attorney's fees. Id. at 45.

Copart sought administrative review of the ALJ's RDO, and, on July 19, 2001, the Administrative Review Board (ARB) issued a Final Decision and Order (FDO) reversing the ALJ's decision. Dalton then appealed to this court, and we reversed the ARB's FDO and remanded for additional proceedings. See Dalton v. U.S. Dep't of Labor, 58 F. App'x 442, 446-50 (10th Cir. 2003).

On remand, the parties moved the ARB to reopen the record to submit additional evidence; the motion was remanded to the ALJ along with the substantive case. Jt. App. at 112b. In relevant part, Copart sought to add evidence that it no longer employed truck drivers except at its facility in Detroit, Michigan. See id. at 72 & n.2. The ALJ reminded the parties in his second RDO, issued on July 1, 2004, that the record was closed on the date of the hearing, id. at 71, that is, May 10, 2000, id. at 12. The ALJ also noted that Copart still employed drivers in Detroit, and that Dalton's rebuttal evidence showed that Copart owned multiple public auction facilities in several states and operated more than 650 tow trucks. Id. at 72. The ALJ denied the parties' request to

reopen the record and restated its recommendations that Copart should reinstate Dalton, restore his benefits, and pay him back pay from March 4, 1999, "until the date of reinstatement, or the date of [Copart's] offer of reinstatement if [Dalton] declines reinstatement[,]" with interest. Id.

Copart offered Dalton a job at its Detroit facility on July 16, 2004, but informed him that it would "not pay any relocation expenses" and that it would be ceasing trucking operations at its Detroit facility at the end of that same month, so he would be "permanently laid-off" after two weeks. See id. at 112p. Dalton refused the offer, and Copart terminated all of its remaining truck drivers on July 29 and July 30, 2004.

Copart also sought administrative review of the ALJ's second RDO. On June 30, 2005, the ARB issued an FDO affirming the ALJ's decision. Id. at 112a, 112h. Copart subsequently paid Dalton's attorney's fees as ordered, but did not pay him any back pay.

## II. District Court Proceedings

The Secretary of Labor brought this action under 49 U.S.C. § 31105(e) in February 2007, seeking civil enforcement of the ARB's June 30, 2005, FDO. Dalton was permitted to intervene. The parties all agreed that Copart owed Dalton back pay, and they disputed only the end date for the back pay award. See Supp. to Jt. App. at 178 & n.4. The Secretary moved for summary judgment,

seeking a ruling that Copart owed Dalton $241,570.32 in back pay and interest "through" May 31, 2009, based on its calculation of back pay until July 31, 2004, when Copart ceased to employ drivers, and interest until May 31, 2009, the last day of the month in which the Secretary filed her summary judgment motion. See Jt. App. at 105, 111, 112r. Copart and Dalton both filed briefs in opposition. See id. at 116, 123. Dalton disputed that his back pay award should be cut off on July 31, 2004. Id. at 117. Copart argued that Dalton's back pay award should end on July 16, 2004, the date when it offered him a job in Detroit. Id. at 123.

The district court granted the Secretary's motion for the exact amount requested in it, resolving in favor of the Secretary the parties' dispute concerning the date on which Dalton's back pay award ceased to accrue. See Supp. to Jt. App. at 178 & n.4, 179-81. The court's decision also effectively ended Dalton's interest award on May 31, 2009, however, although the parties never disputed that interest would accrue until his back pay award was paid. Dalton appeals.

### III.  Issues on Appeal and Discussion

"We review de novo a grant of summary judgment." Mata v. Anderson, 635 F.3d 1250, 1252 (10th Cir. 2011). "'The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)). We view the record on summary judgment "in the light

-5-

most favorable to the nonmoving party." Mumby v. Pure Energy Servs. (USA), Inc., 636 F.3d 1266, 1269 (10th Cir. 2011).

Dalton argues on appeal that the district court erred by: (1) ending his back pay award on July 31, 2004, the date on which Copart had ceased to employ drivers; and (2) ending the interest on his back pay award on May 31, 2009, rather than continuing interest until the award has been satisfied.

### a. Back Pay Award

Dalton argues that although he prevailed and an award was entered, the district court erred by expanding the record to add information not before the ARB. Dalton argues that the court was tasked only with the ministerial enforcement of the ARB's June 30, 2005, FDO, and should not have accepted additional evidence presented by the Secretary, such as the fact that Copart no longer employed any drivers as of July 31, 2004, the date the court used as the end date for its back pay award. Dalton argues that Copart ended its employment of drivers before the ARB entered its FDO, but Copart did not make that fact known to the ARB. Dalton argues that it was too late for Copart to add facts in the district court, and argues that the doctrines of collateral estoppel (issue preclusion), res judicata (claim preclusion), and judicial estoppel precluded the issue of the correct end date for his back pay award from being relitigated.

We conclude that it was proper for the court to consider the date Copart ceased trucking operations (July 31, 2004) when calculating back pay. "The purpose of a back pay award is to make the employee whole—i.e., restore the economic status quo that would have obtained but for the wrongdoing on the part of the employer[.]" Aguinaga v. United Food & Commercial Workers Int'l Union, 993 F.2d 1463, 1473 (10th Cir. 1993). It would be nonsensical, as the district court noted, to place Dalton in a better position than all other drivers Copart had employed. Cf. Olsen v. Arrington, 621 F.2d 363, 368 (10th Cir. 1980) (holding that court "cannot" put employee "in a better position than if he had not been wrongfully separated" under the Back Pay Act). Back pay would not be appropriate for the time when Dalton could not have been employed with Copart as a driver, even if Copart had treated him fairly. See Aguinaga, 993 F.2d at 1473. Although the ARB's order specified either of two conditions to end the accrual of back pay, Dalton has failed to cite any authority holding that the district court was precluded from applying basic back-pay principles to end the accrual of back pay on another date when the district court found that neither of the specified conditions could be met.

Moreover, the date Copart ceased trucking operations occurred after the ALJ issued its second RDO on July 1, 2004 (and long after the record was closed), so the ALJ could not have considered that fact when he ruled. As a result, some of the cases Dalton cites are distinguishable in that they involve facts

known before a court or adjudicatory body ruled and, therefore, hold that the fact could not be asserted later when it could have been asserted earlier. Although the ARB's ruling in this case was entered after Copart ceased trucking, at that point, the administrative record was closed. The new evidence of the date of Copart's cessation of trucking operations could not have been admitted at the administrative level because it did not exist at the time of the hearing. Shields v. James E. Owen Trucking, Inc., ARB No. 08-021, 2009 WL 4324727, at *4-*5 (ARB Nov 30, 2009) (discussing 29 C.F.R. § 18.54(c)). Finally, although Copart argues that the court should have used July 16, 2004, as its end date because that is when Copart offered Dalton the two-week position in Detroit, we "'may not alter a judgment to benefit a nonappealing party[,]'" and Copart has not filed a cross-appeal. June v. Union Carbide Corp., 577 F.3d 1234, 1248 n.8 (10th Cir. 2009) (quoting Greenlaw v. United States, 554 U.S. 237, 244 (2008)).

## b. Interest

Dalton's interest issue is more difficult. He argues that the court erred in not awarding interest after May 31, 2009. The court awarded the specific amount the Secretary requested in her motion for summary judgment, so we must decide whether Dalton is bound by the Secretary's failure to ask for interest until the back pay award is paid, or conclude that the district court erred in not awarding interest for the longer period, although the Secretary did not request it. The

Secretary argues that the court was correct to limit interest to the period the Secretary requested in its motion. But the Secretary also argues that the district court's "silence on the matter" (i.e., not addressing interest after May 31, 2009), cannot be read as modifying the ARB's June 2005 order—and implies that Dalton should seek the additional interest in another suit. See Sec'y Br. at 28-29. That we would send Dalton into yet another round of litigation to resolve the interest issue seems punitive and unnecessary. It is also probable that such an action would be barred by either collateral estoppel or res judicata. See B. Willis, C.P.A. Inc. v. BNSF Ry., 531 F.3d 1282, 1301 (10th Cir. 2008).

We conclude that the district court erred in not awarding interest until the judgment for back pay has been satisfied. The statute provides that back pay is paid with interest. 49 U.S.C. § 31105(b)(3)(A)(iii). The ARB has decided that interest accrues from the date of discharge until the back pay award is paid, and the ALJ so stated in his RDO. Jt. App. at 43-44 (citing Johnson v. Roadway Express, Inc., ARB No. 99-111, 2000 WL 35593006, at *13 (ARB Mar. 29, 2000)). The Secretary acknowledges that she did not raise the date through which interest would run as an issue in her summary judgment motion, Sec'y Br. at 27-28, and we may review this forfeited issue for plain error. See Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1127-28 (10th Cir. 2011). We conclude that "the correct resolution of [Dalton's interest issue] is beyond a reasonable doubt and the failure to intervene would result in a miscarriage of justice." Id. at 1128.

Copart concedes that it owes Dalton interest until his back pay is paid in full—and it would have been appropriate for the Secretary to have joined in that concession as well.

We AFFIRM the district court back pay calculation, but REVERSE and REMAND its interest calculation.

Entered for the Court


Mary Beck Briscoe
Chief Judge