**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DELMART E.J.M. VREELAND, II,

    Plaintiff - Appellant,

v.

THOMAS C. FISHER, M.D.; KAREN A.
JOHNSON; DEA ARAGON; JOAN M.
SHOEMAKER; HEART OF THE
ROCKIES REGIONAL MEDICAL
CENTER; THE DOUGLAS COUNTY
SHERIFF, Mr. Weaver; KARI BARONI;
MICHAEL FRENCH; RICK RAEMISCH,

    Defendants - Appellees.

No. 16-1131
(D.C. No. 1:13-CV-02422-PAB-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Delmart E.J.M. Vreeland, II, appeals from the district court's final judgment in

his pro se action under 42 U.S.C. § 1983 and state law. Vreeland's claims relate to

his medical care while incarcerated in the Douglas County Jail and a Colorado

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Department of Corrections ("CDOC") prison facility. The district court dismissed most of Vreeland's claims and then granted summary judgment against him on the remaining claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

Vreeland filed his complaint on September 5, 2013, alleging that he was denied medical treatment while incarcerated at the Douglas County Jail from October 2004 to October 2008. He claimed that the defendants there ("Douglas Defendants") drafted and circulated a letter ("Letter") falsely stating that he had a history of malingering, and that this Letter caused him to be denied medical treatment. In October 2008, Vreeland was transferred to a CDOC prison. He claimed that he learned in March 2010 that a doctor there, Dr. Fisher, had received a copy of the Letter and also denied him medical treatment because of it.

On February 27, 2012, Vreeland became ill. The next day he had his appendix removed by Dr. Johnson at the Heart of the Rockies Regional Medical Center ("HRRMC"). According to Vreeland, once he was released back to the CDOC, no medical staff there would see him. Vreeland alleged that once Dr. Fisher finally did see him that Fisher told him that any surgery complications should be treated by Dr. Johnson and HRRMC, not by the CDOC. The next year, a different doctor ordered blood work that indicated Vreeland had an infection. According to Vreeland, he had suffered from the infection since the surgery. Vreeland then sued, bringing Eighth Amendment and state-law medical malpractice claims against Dr. Fisher, and Eighth

2

Amendment claims against the Douglas Defendants, Dr. Johnson, and HRRMC.[1]

## II.  Discussion

On appeal, Vreeland argues that the district court erred in dismissing all of his claims against the Douglas Defendants, Dr. Johnson, and HRRMC, and some of his claims against Dr. Fisher.  He also contends the district court erred in denying certain non-dispositive motions, in denying his motion to amend, and in granting summary judgment against him on the remaining Eighth Amendment claims.  We construe Vreeland's complaint liberally given his pro se status.

We review de novo a district court's dismissal of claims under Fed. R. Civ. P. 12(b)(6) and its grant of summary judgment under Fed. R. Civ. P. 56(a).  *Alexander v. Oklahoma*, 382 F.3d 1206, 1213, 1215 (10th Cir. 2004).  We also review de novo a court's denial of leave to amend on the basis that amendment would be futile.  *Cohen v. Longshore*, 621 F.3d 1311, 1314-15 (10th Cir. 2010).  Finally, we review for an abuse of discretion most of Vreeland's other contentions challenging the court's denial of his non-dispositive motions.  *See Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (Rule 56(d) motion); *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (stay motion); *Duffield v. Jackson*, 545 F.3d 1234, 1240 (10th Cir. 2008) (motion for extension of time); *Bolden v. City of Topeka*, 441 F.3d 1129, 1149 (10th Cir. 2006) (motion to extend discovery).

---

[1] Vreeland also brought claims against other CDOC employees, but he does not challenge the dismissal of these claims.  Nor does he attempt to show error in the district court's disposition of his conspiracy claims.

## A. Failure to Object to Magistrate Judge's Report and Recommendation

We apply a firm waiver rule when a party fails to timely and specifically object to the findings and recommendations of a magistrate judge. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). This rule applies both to factual and legal questions. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Here, the magistrate judge recommended that some of Vreeland's claims should be dismissed. Vreeland did not object to many of these recommendations, and to those he did, his objections are inconsistent with the arguments he now raises on appeal. Although there are two exceptions to the firm-waiver rule—when a litigant is not informed of it and when the interests of justice require review—neither applies here. *See Duffield*, 545 F.3d at 1237. Accordingly, Vreeland has waived the following arguments:

First, that his claim against the Douglas Defendants should not be time-barred because he did not discover some of their conduct and resulting injury until December 2011. *See* Aplt. Opening Br. at 20. Vreeland did not raise this issue in his objection to the magistrate judge's Recommendation regarding the Douglas Defendants' motion to dismiss. *See* R., Vol. 2 at 246-48.

Second, that certain claims against Dr. Fisher concerning Vreeland's epididymal cyst, asthma, and chronic pain should not be time-barred because they occurred within the limitations period. When responding to the magistrate judge's Recommendation, Vreeland did not point to any allegations in his complaint

4

regarding Dr. Fisher's denial of medical care for these conditions after September 5, 2011. *See* R., Vol. 2 at 223-27, 256-59, 299-301.

Third, that amendment of his complaint to add a state-law malpractice claim against Dr. Johnson would not be futile. *See* R., Vol. 7 at 314-15. Although Vreeland complained about the timing of the defendants' responses to his motion, his inability to file a reply, and the magistrate judge's "accept[ance of] the responses as true," *id.*, vol. 9 at 19, these objections were not specific enough to focus the district court's attention on his argument regarding the denial of his motion to amend. *See One Parcel of Real Prop.*, 73 F.3d at 1060.

Fourth, that HRRMC should be subject to respondeat superior liability under § 1983. *See* Aplt. Opening Br. at 23. Vreeland failed to raise this objection to the magistrate judge's Recommendation. *See* R., Vol. 2 at 219.

And fifth, that an independent expert should be appointed to assist him. Vreeland argued that his inability to be examined by a private doctor impeded his ability to retain an expert witness, but the magistrate judge expressly rejected that contention and Vreeland did not object. *See* R., Vol. 3 at 282.

## B. Dismissal of Claims as Time-barred

The district court dismissed some of Vreeland's claims as time-barred. Vreeland does not dispute that his § 1983 claims are subject to Colorado's two-year limitations period. *See Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994). "Section 1983 claims accrue when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Id.* A court can dismiss a claim as time-barred

5

if that determination "is apparent on the face of the complaint." *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008).

### 1. Time-Barred Claims Against the Douglas Defendants

The district court held that all of Vreeland's claims against the Douglas Defendants were time-barred. It determined that Vreeland knew by October 2008 both of the existence of the Letter and that he was suffering from untreated physical injuries. Accordingly, Vreeland was required to bring his claims no later than October 2010. Yet Vreeland did not file his complaint until September 2013.

As he did before the district court, Vreeland invokes the so-called "continuing violation" doctrine, contending that his claims against the Douglas Defendants were not time-barred because the Letter continued to cause him injury during the two-year period before he filed suit. But as the district court correctly noted, even if the doctrine applied to § 1983 claims, the doctrine only is "triggered by continual unlawful acts, not continual ill effects from the original violation." *Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011) (internal quotation marks omitted).

### 2. Time-Barred Claims Against Dr. Fisher

The district court also dismissed some of Vreeland's claims against Dr. Fisher as time-barred, holding once again that the continuing violation doctrine, even if applicable, did not save Vreeland's claims against Dr. Fisher that were based on injuries that occurred more than two years before he filed suit.

Vreeland does not challenge this holding. Instead, he appears to argue that the court failed to recognize that each denial of medical care started a new limitations

6

period as to the resulting injury. This contention misconstrues the district court's ruling, which held that Vreeland's claims survived to the extent they related to events that took place within two years of the date he filed his complaint. *See* R., Vol. 2 at 299. As for Vreeland's contentions regarding *that* holding and its relation to medical care for his epididymal cyst, asthma, and chronic pain, as we have noted above, Vreeland failed to properly object to the magistrate judge's Recommendation.

### C.     Dismissal of Claim Against Dr. Johnson

The district court dismissed for failure to state a claim Vreeland's Eighth Amendment claim of deliberate indifference against Dr. Johnson because Vreeland pled no facts that suggested that Dr. Johnson could require the CDOC to refer Vreeland back to HRRMC. On appeal, Vreeland does not address this holding, instead arguing that Dr. Johnson was a state actor. The dismissal must be affirmed.

### D.     Rulings on Non-Dispositive Motions

The only claims that survived the district court's dismissal order were Vreeland's Eighth Amendment claims against Dr. Fisher for failure to adequately treat his complications following surgery. Vreeland argues that the court erred in denying several of his subsequent non-dispositive motions.

### 1.     Denial of Motion to Appoint Independent Expert

Vreeland maintains that he asked the district court to appoint an independent expert because the CDOC was impeding his ability to retain a private doctor to examine him and act as his expert witness. The district court denied Vreeland's motion, in part, because he did not identify a doctor willing to act as an expert and he

did not demonstrate why the court should seek an independent expert. Vreeland does not argue, nor can we conclude, that the district court abused its discretion in denying his motion on these grounds. *See Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).

### 2. Denial of Motion to Compel

Vreeland next contends that the district court erred in denying his motion to compel, in its rulings on his request for additional time to depose Dr. Fisher and Dr. Fisher's expert witness and regarding the expert witness's failure to fully comply with a subpoena, and by failing to hold a hearing on his motion to compel. We have reviewed the record and find no abuse of discretion, let alone prejudice to Vreeland.

### 3. Denial of Motions to Extend Time to Respond to Dr. Fisher's Summary Judgment Motion, for Relief Pursuant to Fed. R. Civ. P. 56(d), to Reopen Discovery, and to Stay Proceedings

Dr. Fisher filed his summary judgment motion on August 5, 2015, after which the district court granted Vreeland two extensions of time to file a response. *See* R., Vol. 6 at 1367 n.3. In denying his motion to compel on January 29, 2016, the magistrate judge ordered Vreeland to respond to Dr. Fisher's summary judgment motion no later than February 16, 2016. Vreeland then moved for a 13-day extension, citing the press of other litigation, his need to file objections to the magistrate judge's order denying his motion to compel, and his limited access to the prison law library. The district court denied the motion.

Instead of submitting a substantive response to Dr. Fisher's summary judgment

8

motion, Vreeland filed several new motions seeking relief under Rule 56(d), to reopen discovery based on new evidence, and to stay the proceedings. In his Rule 56(d) motion, Vreeland argued that he needed additional discovery to respond to Dr. Fisher's summary judgment motion. In support of his request for additional discovery based on new evidence, Vreeland referenced a declaration he filed for in camera review, but he did not explain what the new evidence was.

The district court denied Vreeland's Rule 56(d) motion, holding that it was procedurally improper and substantively deficient because it failed to set forth specific reasons why Vreeland could not present the facts necessary to oppose Dr. Fisher's summary judgment motion. The court also denied Vreeland's motion to reopen discovery and his motion to stay the proceedings.

Rather than addressing the district court's bases for denying a particular motion, Vreeland argues on appeal that the court's refusal to grant his various motions and requests "doomed his case." We have either already addressed these contentions or are not persuaded that the district court abused its discretion.

E.      **Grant of Summary Judgment on Claims Against Dr. Fisher Related to Post-Operative Care**

Vreeland contends that the district court erred in granting Dr. Fisher summary judgment on his Eighth Amendment claims related to his medical treatment after his surgery. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Vreeland argues that the undisputed facts came from Dr. Fisher's summary judgment motion.[2]  But Vreeland has failed to point to any specific deficiency in the recitation of facts.  He also argues that he was unable to show a genuine issue of material fact due to Dr. Fisher's conduct and the district court's denial of an extension of time to respond, contentions we have rejected.

On the merits, the district court held that Vreeland failed to show a genuine dispute of material fact with respect to his claims that Dr. Fisher was deliberately indifferent to his medical needs.  We examine each claim in turn.

### 1.    Post-Surgical Infection

The district court held there was no evidence that Vreeland had an infection for 17 months following his surgery in February 2012.  The court reviewed the evidence, including lab tests indicating that Vreeland had normal white blood cell counts in March 2012, shortly after the surgery, and again in July 2013, as well as expert testimony that those test results indicated lack of an infection.  Therefore, based on the undisputed evidence, the court held that Vreeland failed to satisfy the objective component of the deliberate-indifference test by demonstrating he had a

---

[2] Vreeland contends that the court should have adopted *his* factual summary, but he filed only a two-page response to the summary judgment motion, which did not set forth any response to Fisher's factual summary.  As we have observed, "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), so not responding to the facts in a summary judgment motion should not be excused lightly. *See* Fed. R. Civ. P. 56(c).  Despite his failure to file a substantive response to Fisher's motion, the district court treated his sworn complaint and his proposed amended complaint as affidavits in opposition to summary judgment.  We express no opinion on this procedure.

medical need that was sufficiently serious. *See Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Vreeland argues that the court erred in relying on the opinion of Dr. Fisher's expert when he was unable to retain his own expert, but as we have already concluded, Vreeland has not shown error in the denial of his motion for appointment of an independent expert.

## 2. Weight Loss

The district court held there was no evidence that Vreeland lost a significant amount of weight as a result of Dr. Fisher's failure to provide post-surgical care, and pointed to evidence in Vreeland's medical record that his weight barely fluctuated between the surgery and the end of 2012. Vreeland contends that he lost at least 20 pounds, as indicated by exhibits he attached to his objections to the magistrate judge's Recommendation. The district court declined to consider the late-filed evidence, *see Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996), and explained that the evidence—which indicated Vreeland's weight three years before and three years after the surgery—was irrelevant in any event. Vreeland fails to show error.

## 3. Denial of Bandages

Vreeland alleged that Dr. Fisher refused to give him bandages for his incisions, yet he admits that he obtained a sufficient number of bandages from a nurse thereafter. He has not shown substantial harm from Dr. Fisher's alleged denial. *See Sealock*, 218 F.3d at 1210.

## 4. Denial of Pain Medication

Dr. Fisher presented evidence from Vreeland's CDOC medical records

11

indicating that he saw Vreeland on March 13, 2012, two weeks after the surgery, at which time Vreeland reported he had no severe pain, cramps, fever, or other symptoms. The examination notes indicate that Dr. Fisher found no abdominal tenderness or distension and stated that Vreeland was taking aspirin and ibuprofen for pain. Looking to allegations in the proposed amended complaint, the district court held that a factual dispute existed regarding the symptoms that Vreeland reported to Dr. Fisher.

Even so, the district court held that Vreeland's version of events nonetheless failed to demonstrate a genuine dispute of material fact. The court reasoned that, even if Vreeland was experiencing more pain than was reflected in Dr. Fisher's notes, Vreeland's evidence failed to satisfy the objective component because Vreeland's pain was not caused by a sufficiently serious medical condition. Vreeland challenges this holding, and we choose to affirm on an alternate basis fully supported by the record.

It is uncontroverted that Vreeland received pain medication. As Vreeland concedes in his opening brief, he was not denied *all* pain medication; instead, he acknowledges that he was given ibuprofen for his post-surgical pain. Aplt. Opening Br. at 48. The choice of pain medication by the medical staff in these circumstances simply does not demonstrate subjective deliberate indifference. *See Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006).

12

AFFIRMED.  Vreeland's motion for leave to file three reply briefs is denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge