FILED
United States Court of Appeals
Tenth Circuit

December 12, 2018

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

WILLIAM M. TURNER,

    Plaintiff - Appellant,

v.

MIDDLE RIO GRANDE
CONSERVANCY DISTRICT;
SUBHAS SHAH, Former Executive
Director of the Middle Rio Grande
Conservancy District (MRGCD) and
former Chief Engineer and former
Chairman of the New Mexico Board of
Licensure for Professional Engineers and
Professional Land Surveyors; DENNIS
DOMRZALSKI, Former MRGCD Public
Information Officer; JOHN DOES,
Members or Former Members of the New
Mexico Board of Licensure for
Professional Engineers and land Surveyors;
EDUARD YTUARTE, Former Executive
Director, New Mexico Board of Licensure
for Professional Engineers and Land
Surveyors; JOHN T. ROMERO, Former
Chair of the Engineering Committee, New
Mexico Board of Licensure for
Professional Engineers and Land
Surveyors; JOHN DOES OF KOB
CHANNEL 4 NEWS OF
ALBUQUERQUE; KOB-TV; MARY
SMITH, New Mexico Assistant Attorney
General,

    Defendants - Appellees.

No. 17-2105
(D.C. No. 1:15-CV-00339 RB-SCY)
(D. N.M.)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **HOLMES**, and **EID**, Circuit Judges.

Plaintiff-appellant Dr. William Turner sued various municipal and state officials and others for allegedly violating his constitutional rights in connection with proceedings against him for practicing engineering without a license. The district court dismissed Turner's suit as untimely under New Mexico's statute of limitations. We affirm.

### I.

The Middle Rio Grande Conservancy District ("MRGCD" or the "District") is a municipal corporation that manages water in the Albuquerque Basin. Turner, a hydrogeologist, was elected to a four-year term on the MRGCD Board of Directors ("MRGCD Board"). App. at 14.[1] During a public meeting of the MRGCD Board in February 2006, Turner gave a presentation accusing certain board members of official malfeasance. *Id.* at 19. In particular, Turner alleged that the former Executive Director of the MRGCD Board, Subhas Shah,[2] had authorized the deposit of rock rubble in ditch

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Turner's two-volume, consecutively paginated Appendix is cited as "App." followed by the page number.

[2] The district court's Memorandum and Opinion and the MRGCD's brief spell Subhas Shah's name as we have here. That appears to be the correct spelling notwithstanding a variant spelling on the district court's caption.

roads within the MRGCD. *Id.* Turner drew from mathematical formulas to argue that fortifying ditch roads with rock rubble impeded water flow and could lead to flooding in ditch levees. App. at 321. Turner's presentation allegedly made clear that he was not an engineer and recommended that the Board consult a licensed engineer before taking corrective measures. *Id.*

In April 2007, the District's public information officer, Dennis Domrzalski, filed a complaint against Turner with the Board of Licensure for Professional Engineers ("BOL"). *Id.* at 20. Shah allegedly dictated the complaint and ordered Domrzalski to file it. *Id*. The complaint alleged that Turner had practiced engineering without a license during his presentation to the MRGCD Board. *Id.* at 20, 322. On February 26, 2010, the BOL concluded that Turner had practiced engineering without a license, *id.* at 21, 322, imposed a civil penalty, and directed Turner to pay the costs of the BOL administrative hearing, *id.* at 322. *See* N.M. Stat. Ann. §§ 61-23-2 & 3. Turner appealed the BOL decision to the Second Judicial District Court of New Mexico. *Id.* At Turner's request, the court stayed enforcement of the BOL decision during the appeal.

Determining that the BOL decision was not supported by substantial evidence, the court reversed. *Id.* at 323. The court further ruled that the Board's application of the licensure statute violated Turner's First Amendment right to share his concerns about an engineering issue at a public meeting. *Id.* The New Mexico Attorney General's office appealed and, in April 2013, the New Mexico Court of Appeals affirmed. *See N.M. Bd. of Licensure for Prof'l Eng'rs & Prof'l Surveyors v. Turner*, 303 P.3d 875, 883 (N.M. Ct. App. 2013).

On April 23, 2015, over five years after the BOL decision, Turner filed this suit under 42 U.S.C. § 1983 and § 1985 in the United States District Court for the District of New Mexico. App. at 302. His complaint alleged that the District, Shah, Domrzalski, and unnamed District employees (collectively, "MRGCD Defendants") violated, among other things, his constitutional right to free speech.[3] *See id.* at 22. The MRGCD Defendants moved to dismiss. *Id.* at 298. The district court granted the motion. The court ruled, in relevant part, that Turner's claims under § 1983 and § 1985 accrued when the BOL decision issued on February 26, 2010, and thus were time barred by New Mexico's three-year statute of limitations.[4] *Id.* at 302–03.

---

[3] The amended complaint also named as defendants former BOL executive director Eduard Ytuarte, former BOL chair of the engineering committee John Romero, and New Mexico Assistant Attorney General Mary Smith (collectively, "State Defendants"). In three orders, the district court ruled that Turner's suit against the State Defendants was untimely. The court also held that Ytuarte and Romero were protected by judicial immunity, and that Smith was protected by prosecutorial immunity. *See Turner v. Middle Rio Grande Conservancy Dist.*, No. 1:15-CV-00339 RB/SCY, 2017 WL 4542877, at *3 (D. N.M. Feb. 10, 2017) (Ytuarte); *Turner v. Middle Rio Grande Conservancy Dist.*, No. 1:15-CV-00339 RB/SCY, 2017 WL 4534836, *3 (D. N.M. Feb. 7, 2017) (Romero); *Turner v. Middle Rio Grande Conservancy Dist.*, No. 1:15-CV-00339 RB/SCY, 2017 WL 4271310, *4–5 (D. N.M. Jan. 30, 2017) (Smith). Turner does not challenge the district court's rulings that the State Defendants are immune from his suit. Turner also sued a television news station and unknown individuals associated with the station, but those defendants were dismissed with prejudice by stipulation in May 2016 and were not involved in the case after that. Order, *Turner v. Middle Rio Grande Conservancy Dist.*, No. 1:15-CV-00339 RB/SCY (May 18, 2016).

[4] Because we conclude that Turner's claims are barred by the governing statute of limitations, we do not address the district court's additional rulings that Turner failed to state a claim against MRGCD under § 1983 or a claim against any of the three MRGCD Defendants under § 1985(3).

4

Turner contends that the statute of limitations did not start until appellate review of the BOL decision was completed in 2013, making this federal civil rights suit timely. Reviewing the district court's contrary determination de novo, *see Leathers v. Leathers*, 856 F.3d 729, 757 (10th Cir. 2017), we affirm.

II.

States and municipalities have a "strong interest in timely notice of alleged misconduct by their agents." *See Wallace v. Kato*, 549 U.S. 384, 397 (2007). The length of the statute of limitations for § 1983 and § 1985 claims is drawn from the forum state's limitations period for personal injury torts. *See Robinson v. Maruffi*, 895 F.2d 649, 653–54 (10th Cir. 1990). The parties agree that New Mexico's three-year limitations period governs this case. N.M. Stat. Ann. § 37-1-8.

Though state law prescribes the length of time within which Turner must bring his claim, federal common law determines when the "claim accrues and the limitations period starts to run." *See Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). A plaintiff's claim has "accrued" when it is complete—that is, "when the plaintiff can file suit and obtain relief" in court. *Wallace*, 549 U.S. at 388 (internal quotations omitted). The district court determined that Turner's § 1983 and § 1985 claims accrued on February 26, 2010, the date that the BOL concluded that Turner had practiced engineering without a license. App. at 303. Using this accrual date, the court concluded that Turner's claims expired on February 26, 2013, more than two years before he filed the present suit on April 23, 2015.

Turner argues that his claim did not accrue, and the limitations clock did not begin to run, until the New Mexico Court of Appeals affirmed the lower court's reversal of the BOL decision in April 2013, making the present suit timely. Turner's primary support for his position is *Heck v. Humphrey*, 512 U.S. 477 (1994). We conclude that *Heck* is inapposite and reject Turner's other arguments for reversal.[5]

A.

Turner contends that *Heck v. Humphrey* "demonstrates" that New Mexico's "statute of limitations was tolled" until appellate review of the BOL decision ended. Aplt. Br. at 13 (capitalization omitted). *Heck*, however, does not toll a limitations period; rather, it bars imprisoned plaintiffs from filing § 1983 suits where the civil rights claim would necessarily imply that the plaintiff's conviction or sentence is invalid. *Heck*, 512 U.S. at 481–82. Such claims must instead be presented through a habeas corpus petition. *Heck* is therefore inapposite to the case at hand, which involves civil fines and not detention.

*Heck v. Humphrey* arises from the "potential overlap" between § 1983 and the federal habeas corpus statute. *Id*. at 481. The case concerned whether a state prisoner

---

[5] Count Six of Turner's amended complaint alleges a "malicious prosecution" claim. Ordinarily, a malicious prosecution claim "accrues, at the earliest, when favorable termination occurs," *see Mondragón*, 519 F.3d at 1083, which here would have been after the BOL decision. But "[u]nlike a malicious prosecution claim . . . a First Amendment retaliatory-prosecution claim does not require a favorable termination of the underlying action." *See Mata v. Anderson*, 635 F.3d 1250, 1252–53 (10th Cir. 2011). At oral argument, Turner's counsel confirmed that his malicious prosecution claim was predicated solely on a First Amendment violation. Oral Arg. at 3:35–3:58. Therefore, the malicious prosecution claim also accrued on the date of the BOL decision.

alleging that he had been unconstitutionally tried and convicted could seek monetary damages under § 1983. *Id.* The Court held that a damages award under § 1983 was not an available remedy when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. Such § 1983 suits are not cognizable until the plaintiff proves that the underlying conviction or sentence has been cleared away. *Id.* at 486–87. Otherwise, § 1983 would become a vehicle to upset state criminal judgments and bypass Congress's requirement that habeas petitioners exhaust adequate state remedies before seeking the writ in federal court. *See id.* at 480–82.

*Heck* bars § 1983 suits only when the plaintiff is in custody and the civil rights claim calls into question the fact or duration of the plaintiff's confinement. *Heck* does not toll the statute of limitations for § 1983 claims, as Turner suggests. Rather, *Heck* says that there is no § 1983 action "at all" for claims implying the invalidity of confinement until the plaintiff is no longer in custody. *Id.* at 483. Because the focus is whether the plaintiff is in custody, *Heck* also bars § 1983 suits where the plaintiff is subject to a civil detention. *See Cohen v. Clemens*, 321 F. App'x 739, 742 (10th Cir. 2009) (unpublished) (concluding that *Heck* precludes an alien detainee from challenging his detention through a *Bivens* suit for damages against immigration officials).

The *Heck* bar does not apply to plaintiffs like Turner who are not subject to physical confinement and thus are outside the "potential overlap" between § 1983 and habeas corpus. Turner was not criminally convicted or subject to a civil detention. The BOL fined Turner for practicing engineering without a license. *See* N.M. Stat. Ann. § 61-23-2. Turner never paid the fine and administrative hearing costs because he

7

obtained a stay of enforcement of the BOL's order while his state-court appeal was pending. *See* App. at 281. To be sure, had Turner not obtained a stay and then failed pay the civil penalties, he may have faced misdemeanor charges. *See* N.M. Stat. Ann. § 61-23-27.11(C). But the attenuated risk of criminal charges is insufficient to call *Heck* into play. The *Wallace* court rejected the theory that an "anticipated future conviction" deferred the accrual date for a § 1983 claim. *Wallace*, 549 U.S. at 393. We conclude that *Heck* is inapposite.

B.

Turner offers three other reasons why his claims did not accrue until April 2013. None has merit.

First, he argues that state appellate review of the BOL decision was a "continuing wrong" that deferred the accrual date. Aplt. Br. at 20. "[W]here a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury." *See Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430 (10th Cir. 1996). The limitations period runs when "the wrong is over and done with." *Id.* Even assuming that the continuing wrong doctrine applies to § 1983 suits, that doctrine is inapplicable here because the alleged violation of Turner's free speech rights was "over and done with" once the BOL issued its decision in 2010. The subsequent stay of enforcement and appellate review of the BOL decision is not a continuing violation of Turner's constitutional rights. *See Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011) (explaining that the accrual date is deferred "by continual unlawful acts, not by continual ill effects from the original violation" (internal quotation marks omitted)).

8

Second, Turner asserts that his suit is timely because, had the present suit been filed before the New Mexico appeals court completed its review of the BOL decision, Turner's federal claims could have been dismissed under *Younger* abstention. *See* Aplt. Br. at 17; *see also Younger v. Harris*, 401 U.S. 37 (1971). That argument is ill-founded. Abstention is "an extraordinary and narrow exception," *Allegheny Cty. v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959), to a district court's "virtually unflagging obligation" to decide cases properly within its jurisdiction, *see Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). And in the rare case where "abstention may be an appropriate response to the parallel state-court proceedings," *Heck*, 512 U.S. at 487 n.8, the district court is not empowered to suspend the state-prescribed limitations period; the district court can instead "stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 394 (noting that state law, not federal common law, generally sets "tolling rules").

That is why the *Wallace* Court rejected "the far-reaching proposition that equitable tolling is appropriate to avoid the risk of concurrent litigation." *Id.* at 396. Abstention principles, then, do not permit § 1983 plaintiffs to bring (otherwise stale) claims in federal court. Indeed, suspending state limitations periods under *Younger* would transform abstention from a federal-state comity doctrine into something that encroaches on the "strong interest [of states] in timely notice of alleged misconduct by their agents." *Wallace*, 549 U.S. at 397.

Turner's third argument draws upon New Mexico statutory law. He contends that his suit is timely because "[w]hen the commencement of any action shall be stayed or

9

prevented by injunction order or other lawful proceeding, the time such injunction order or proceeding shall continue in force shall not be counted in computing the period of limitation." N.M. Stat. Ann. § 37-1-12. Turner contends that § 37-1-12 stopped the clock on the statute of limitations during appellate review of the BOL decision.

The problem for Turner, as the district court noted, is that § 37-1-12 "refers only to injunctions or other orders that preclude 'the commencement' of an action." App. at 315 (quoting *Butler v. Deutsche Morgan Grenfell, Inc.*, 140 P.3d 532, 537 (N.M. Ct. App. 2006)). No injunction or order prevented Turner from bringing his federal claims in a separate lawsuit in federal court within three years following the BOL decision. Section 37-1-12, therefore, did not toll the limitations period.

## III.

In sum, we conclude that New Mexico's three-year statute of limitations on Turner's § 1983 and § 1985 claims began to run when the BOL issued its decision. Since Turner did not file this suit until five years after that date, his suit is untimely. The judgment is affirmed.

Entered for the Court


Allison H. Eid
Circuit Judge

10